## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EDWIN BHATTI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-122-J |
| | ) | |
| SIGNET JEWELERS, d/b/a ZALES JEWELERS; | ) | |
| ZALES JEWELERS, INC. a/k/a ZALES JEWELERS #1492 a/k/a ZALES CORPORATION a/k/a ZALE-SHAWNEE | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND BRIEF IN SUPPORT OF DEFENDANTS

Jessica L. Dark (OBA No. 31236)
PIERCE COUCH HENDRICKSON
  BAYSINGER & GREEN, LLP
1109 N. Francis Ave.
Oklahoma City, OK 73106
Phone: (405)235-1611
Email:  jdark@piercecouch.com
*Counsel for Defendants*

and

Michael J. Shoenfelt* (Ohio - 0091154)
Matthew F. Schmitz* (Ohio - 0105159)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street, P.O. Box 1008
Columbus, OH 43216
Phone:  (614) 464-5497
Email:  mjshoenfelt@vorys.com
        mfschmitz@vorys.com
*\*To Be Admitted Pro Hac Vice for Defendants*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ iii

INDEX OF EXHIBITS ................................................................................................ viii

BRIEF IN SUPPORT ..................................................................................................... 1

I.      INTRODUCTION ............................................................................................... 1

II.     PLAINTIFF'S ALLEGATIONS .......................................................................... 3

III.    LAW AND ANALYSIS:  INSUFFICIENT SERVICE OF PROCESS ................. 3

        a.      Legal Standard ......................................................................................... 3

        b.      Plaintiff Did Not Serve Zales at the Proper Address .................................. 4

IV.     LAW AND ANALYSIS:  LACK OF SUBJECT MATTER
        JURISDICTION OVER WORKERS' COMPENSATION CLAIM ...................... 5

        a.      Legal Standard ......................................................................................... 5

        b.      Plaintiff Cannot Establish Subject Matter Jurisdiction for His
                Workers' Compensation Claim, Because the Oklahoma Workers'
                Compensation Commission Has Exclusive Jurisdiction over Those
                Claims ...................................................................................................... 5

V.      LAW AND ANALYSIS:  FAILURE TO STATE A CLAIM ............................... 6

        a.      Legal Standard ......................................................................................... 6

        b.      Plaintiff Has Not Exhausted His Administrative Remedies as to
                Signet ....................................................................................................... 7

        c.      Plaintiff Fails to State a Claim for Race, Color, or National Origin
                Discrimination Under Title VII, Section 1981, or the OADA ...................... 9

                1.      Direct Evidence of Discrimination ................................................. 10

                2.      Stray Comments About Plaintiff's Race, Color, or National
                        Origin ........................................................................................... 10

                3.      Plaintiff's Alleged Comparators .................................................... 11

i

d.    Plaintiff Fails to State a Claim for Gender Discrimination Under
Title VII and the OADA ............................................................................. 13

e.    Plaintiff Fails to State a Claim for Disability Discrimination Under
the ADA .................................................................................................... 16

f.    Plaintiff Fails to State a Claim for Age Discrimination Under the
ADEA ........................................................................................................ 17

g.    Plaintiff Fails to State a Claim for Retaliation Under Title VII or
Section 1981 .............................................................................................. 18

h.    Plaintiff Cannot State a Claim for Retaliation Under the OADA,
Because No Such Cause of Action Exists.................................................. 19

VI.    CONCLUSION ...................................................................................................... 20

CERTIFICATE OF SERVICE............................................................................................ 21

# TABLE OF AUTHORITIES

**Cases**                                                           **Page(s)**

*Alexander v. Two Oaks Invs., LLC*, No. 23-cv-406, 2024 U.S. Dist. LEXIS 141690 (N.D. Okla. Aug. 9, 2024) ................................................................................ 7

*Ames v. Ohio Dep't of Youth Services* (U.S. Supreme Court, Docket No. 23-1039) .......................................................................................................................... 14

*Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193 (10th Cir. 2006) ............................................................................................................................ 14

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................ 6

*Barlow v. C.R. England, Inc.*, 703 F.3d 497 (10th Cir. 2012) ............................................ 9

*Bekkem v. Wilkie*, 915 F.3d 1258 (10th Cir. 2019) .................................................. 9, 15, 17

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................ 5

*Bennett v. Windstream Communs., Inc.*, 792 F.3d 1261 (10th Cir. 2015) ........................ 17

*Bowles v. Grant Trucking, LLC*, No. 1:16-cv-123, 2018 U.S. Dist. LEXIS 29303 (D. Utah Feb. 22, 2018) ........................................................................................ 7

*Branum v. Orscheln Farm & Home, LLC*, No. 18-cv-281, 2020 U.S. Dist. LEXIS 68839 (E.D. Okla. Apr. 20, 2020) ...................................................................... 17

*Brown v. McDonough*, No. 21-cv-763, 2022 U.S. Dist. LEXIS 178703 (W.D. Okla. Sept. 30, 2022) ........................................................................................ 13

*Calvin v. Sequel of Okla., LLC*, No. 16-cv-1415, 2017 U.S. Dist. LEXIS 21083 (W.D. Okla. Feb. 15, 2017) ................................................................................... 5

*Cole v. Brennan*, No. 17-cv-670, 2020 U.S. Dist. LEXIS 261125 (N.D. Okla. Nov. 10, 2020) ................................................................................................. 16

*Coulter v. Butler*, No. 24-cv-835, 2025 U.S. Dist. LEXIS 56142 (W.D. Okla. Mar. 26, 2025) .................................................................................................. 3

*Craig v. City of Hobart*, No. 09-cv-0053, 2010 U.S. Dist. LEXIS 16425 (W.D. Okla. Feb. 24, 2010) ............................................................................................ 3

*Davis v. Mercy Rehab. Hosp.*, No. 19-cv-561, 2019 U.S. Dist. LEXIS 241153 (W.D. Okla. Nov. 20, 2019) ................................................................................ 20

*DeBose v. Wal-Mart Assocs.*, No. 16-cv-254, 2016 U.S. Dist. LEXIS 65787 (W.D. Okla. May 19, 2016) ............................................................................................. 5

*Delesline v. Vilsack*, No. 20-cv-03809, 2022 U.S. Dist. LEXIS 211112 (D. Colo. Nov. 21, 2022) .................................................................................................... 12

*Dias v. City & Cnty. of Denver*, 567 F.3d 1169 (10th Cir. 2009) ....................................... 5

*Drake v. City of Fort Collins*, 927 F.2d 1156 (10th Cir. 1991) ........................................... 9

*Dunn v. White*, 880 F.2d 1188 (10th Cir. 1989) ........................................................... 6, 19

*Edwards v. Andrews*, 2016 O.K. 107 .............................................................................. 19

*EEOC v. PVNF, LLC*, 487 F.3d 790 (10th Cir. 2007) ................................................ 11, 15

*Ehireman v. Glanz*, No. 14-cv-292, 2014 U.S. Dist. LEXIS 151429 (N.D. Okla. Oct. 24, 2014) ................................................................................................... 12

*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381 (10th Cir. 1997) ................................................................................................................................. 6

*Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991) ............................................................... 6

*Hernoe v. Lone Star Indus.*, No. 12-cv-0167, 2012 U.S. Dist. LEXIS 74887 (N.D. Okla. May 31, 2012) ............................................................................................... 18

*Hix v. SKS Dev. LLC*, No. 1:24-cv-175, 2024 U.S. Dist. LEXIS 128115 (D.N.M. July 19, 2024) ...................................................................................................... 8

*Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995) ......................................... 4

*Hukill v. Okla. Native American Domestic Violence Coalition*, 542 F.3d 794 (10th Cir. 2008) ....................................................................................................... 3

*Jara v. Standard Parking*, 701 Fed. Appx. 733 (10th Cir. 2017) ....................................... 9

*Johnson v. Weld Cnty.*, 594 F.3d 1202 (10th Cir. 2010) .................................................. 15

*Jones v. Needham*, 856 F.3d 1284 (10th Cir. 2017) ............................................................ 9

*Joshi Techs., Int'l, Inc. v. Consorcio Pegaso*, No. 17-cv-359, 2017 U.S. Dist. LEXIS 115888 (N.D. Okla. July 25, 2017) ............................................................. 4

*Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220 (10th Cir. 2000) ........................ 14

*Khalik v. United Air Lines*, 671 F.3d 1188 (10th Cir. 2012) ...................................... 12, 18

*Knowlton v. Teltrust Phones, Inc.*, 189 F.3d 1177 (10th Cir. 1999) ................................... 7

*Lane v. Simon*, 495 F.3d 1182 (10th Cir. 2007) ................................................................. 6

*Larkins v. Okla. Hum. Servs.*, No. 23-cv-00307, 2024 U.S. Dist. LEXIS
128508 (W.D. Okla. July 22, 2024) .............................................................................. 12

*Lewick v. Sampler Stores, Inc.*, No. 21-1251, 2022 U.S. Dist. LEXIS
133709 (D. Kan. July 27, 2022) .................................................................................... 15

*Littlewood v. Novartis Pharms. Corp.*, No. 21-cv-02559, 2022 U.S. Dist.
LEXIS 138103 (D. Colo. Aug. 3, 2022)........................................................................ 17

*Luster v. Vilsack*, 667 F.3d 1089 (10th Cir. 2011) ...................................................... 9, 13

*McNellis v. Douglas Cnty. Sch. Dist.*, 116 F.4th 1122 (10th Cir. 2024) ........................... 10

*Merida Delgado v. Gonzales*, 428 F.3d 916 (10th Cir. 2005)............................................. 5

*Mills v. Amazon.com Servs., LLC*, No. 24-cv-0188, 2024 U.S. Dist. LEXIS
113238 (N.D. Okla. June 27, 2024)................................................................................. 9

*Morman v. Campbell Cnty. Mem. Hosp.*, 632 F. App'x 927 (10th Cir. 2015) .................. 9

*Moussa v. Advent Health S. Overland Park, Inc.*, No. 24-cv-2213, 2024
U.S. Dist. LEXIS 181749 (D. Kan. Oct. 4, 2024)......................................................... 12

*Nelson v. Mayorkas*, No. 1:23-cv-00100, 2024 U.S. Dist. LEXIS 46620 (D.
Colo. Jan. 26, 2024)...................................................................................................... 14

*New v. Bd. of Cty. Comm'rs*, 434 F. Supp. 3d 1219 (N.D. Okla. 2020) ........................... 15

*Osbourne v. Baxter Healthcare Corp.*, 798 F.3d 1260 (10th Cir. 2015) .......................... 16

*Paffe v. Wise Foods, Inc.*, No. 1:24-cv-00402, 2025 U.S. Dist. LEXIS
40675 (D. Colo. Feb. 25, 2025)............................................................................... 18, 19

*Parker Excavating, Inc. v. Lafarge W., Inc.*, 863 F.3d 1213 (10th Cir. 2017)................. 18

*Raeth v. Bank One*, No. 05-cv-02644, 2008 U.S. Dist. LEXIS 10620 (D.
Colo. Feb. 13, 2008) ....................................................................................................... 4

*Romero v. Union Pac. R.R.*, 615 F.2d 1303 (10th Cir. 1980) ........................................... 7

*Ross v. Pentair Flow Techs.*, No. 19-cv-2690, 2020 U.S. Dist. LEXIS
36169 (D. Kan. Mar. 3, 2020) ...................................................................................... 10

*Rutila v. Buttigieg*, No. 23-6157, 2024 U.S. App. LEXIS 32048 (10th Cir.
Dec. 18, 2024) ............................................................................................................. 14

*Scott v. Garfield Cnty. Crim. Just. Auth.*, No. 24-cv-211, 2025 U.S. Dist.
LEXIS 27158 (W.D. Okla. Jan. 28, 2025) ....................................................................... 3

*Sheridan v. Unifi Aviation, LLC*, No. 23-cv-00444, 2024 U.S. Dist. LEXIS
100610 (N.D. Okla. June 6, 2024)..................................................................................... 7

*Shorter v. ICG Holdings, Inc.*, 188 F.3d 1204 (10th Cir. 1999) ........................................ 10

*Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000)............................................... 10

*Theron v. Canadian Cnty. ex rel. Bd. of Cnty. Comm'rs*, No. 23-cv-1176,
2024 U.S. Dist. LEXIS 174439 (W.D. Okla. Sept. 26, 2024)........................................ 19

*Thomas v. N.M. Corr. Dep't*, 272 Fed. Appx. 727 (10th Cir. 2008).................................... 6

*Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987 (10th Cir. 2011).................................. 18

*Weathersby v. Latshaw Drilling Co., LLC*, No. 24-cv-0368, 2024 U.S. Dist.
LEXIS 214803 (N.D. Okla. Nov. 26, 2024)............................................................ 10, 18

*Wickware v. Johns Manville*, 676 Fed. Appx. 753 (10th Cir. 2017)................................... 7

*Williams v. U-Haul Co.*, No. 98-1046, 1998 U.S. App. LEXIS 23341 (10th
Cir. Sept. 22, 1998)........................................................................................................ 13

*Womack v. Mercy Hosp. Okla. City, Inc.*, No. 19-cv-683, 2020 U.S. Dist.
LEXIS 113958 (W.D. Okla. June 29, 2020) ................................................................... 6

**Statutes**

42 U.S.C. §1981 ...........................................................................................2, 9, 13, 18, 19

85 Okla. Stat. § 341 ............................................................................................................ 5

85A Okla. Stat. § 5 ............................................................................................................. 5

Age Discrimination in Employment Act................................................2, 3, 7, 9, 17, 18, 20

Americans with Disabilities Act................................................................... 1, 2, 7, 9, 16, 20

Oklahoma Administrative Workers' Compensation Act ..................................................... 5

Oklahoma Anti-Discrimination Act ......................................................2, 3, 7, 9, 13, 19, 20

Oklahoma Workers' Compensation Act ............................................................................... 2

Title VII ............................................................... 1, 2, 7, 9, 13, 14, 17, 18, 19, 20

**Rules**

FRCP 12(b)(1) ............................................................................... 1, 4

FRCP 12(b)(5) ............................................................................... 1, 3

FRCP 12(b)(6) ............................................................................... 1, 6, 12

FRCP 12(d) ............................................................................... 6

FRCP 4(h) ............................................................................... 4

# **INDEX OF EXHIBITS**

EXHIBIT 1 – Charge of Discrimination

## BRIEF IN SUPPORT

Pursuant to the Federal Rules of Civil Procedure ("FRCP") 12(b)(1), 12(b)(5), and (b)(6), Defendants Signet Jewelers Ltd. ("Signet"), Zale Delaware, Inc., and Zale Corporation (collectively the "Defendants"),[1] by and through their undersigned counsel, respectfully move the Court to dismiss Plaintiff Edwin Bhatti's ("Plaintiff") Complaint (ECF No. 1) for insufficient service of process, lack of subject matter jurisdiction, and failure to state a claim upon which relief can be granted. In support hereof, Defendants show the Court the following:

## I.    INTRODUCTION

Plaintiff alleges he was terminated after an investigation into reports that he made inappropriate sexist and racist comments, pushed a co-worker, and was intoxicated at work. In this action, he brings claims against Signet and "Zales Jewelers, Inc. a/k/a Zales Jewelers #1492 a/k/a Zales Corporation a/k/a Zale-Shawnee"[2] for discrimination and retaliation under federal and state law. Plaintiff's claims should be dismissed under FRCP 12(b)(1), 12(b)(5), and 12(b)(6) because (1) Zale Corporation and Zale Delaware, Inc. (collectively "Zales") were not properly served; (2) the Court lacks subject matter jurisdiction over Plaintiff's workers' compensation retaliation claim; (3) Plaintiff failed to exhaust his administrative remedies as to Signet for his Title VII, Americans with Disabilities Act

---

[1] The Defendants note that Plaintiff does not refer to any existing Zale entities in his caption. The Defendants address this issue further in the brief in support.

[2] The additional Summons (ECF No. 6) sent to Signet's corporate address named an entity that does not exist ("Zales Jewelers, Inc. a/k/a Zales Jewelers #1492 a/k/a Zales Corporation a/k/a Zale-Shawnee"). Zale Delaware, Inc., not named in the Complaint, employed Plaintiff.

("ADA"), Age Discrimination in Employment Act ("ADEA"), and Oklahoma Anti-Discrimination Act ("OADA") claims; and (4) he has failed to meet even the less stringent pleading standard applied to *pro se* litigants with regards to his discrimination and retaliation claims.

Plaintiff brings the following claims: (1) race, color, and national origin discrimination under Title VII and the OADA, (2) gender discrimination under Title VII and the OADA, (3) retaliation in violation of Title VII, 42 U.S.C. Section 1981 ("Section 1981"), and the OADA, (4) race and color discrimination under Section 1981, (5) disability discrimination under the ADA, (6) age discrimination under the ADEA, and (7) workers' compensation retaliation under the Oklahoma Workers' Compensation Act.  These claims should be dismissed for the following reasons:

*First*, Plaintiff served two Summons for Defendants at the corporate address of Signet.  Service on the parent of a corporate defendant is insufficient for proper service of process.  Because Zales has not been properly served in this matter, Plaintiff's claims against Zales should be dismissed.

*Second*, because the State of Oklahoma has vested exclusive jurisdiction over workers' compensation retaliation claims in its Workers' Compensation Commission, Plaintiff cannot meet his burden to establish the Court has subject matter jurisdiction over that claim.  For this reason, Plaintiff's workers' compensation retaliation claim must be dismissed.

*Finally*, Plaintiff fails to state a plausible claim for his remaining causes of action. As a threshold matter, Plaintiff has failed to exhaust his claims under Title VII, the ADA,

2

the ADEA, and the OADA as to Signet.  In addition, Plaintiff's claims for race, color, and national origin discrimination; gender discrimination; disability discrimination; and age discrimination all either rely on bare legal assertions or factual allegations that do not support a reasonable inference that the alleged adverse actions occurred because of those protected characteristics.  Plaintiff also fails to state a claim for retaliation because he does not allege facts that reasonably qualify as protected activity.  Plaintiff's state law claim for retaliation also fails, because there is no private cause of action for retaliation under the OADA.

## II.    PLAINTIFF'S ALLEGATIONS

Plaintiff was employed at a Zales store from November 2019 to March 15, 2023.[3] (ECF No. 1, ¶ 6.)  Plaintiff's employment was terminated on March 15, 2023, following an investigation into an incident reported in late 2022.  (*Id.* at ¶¶ 6, 13.)  The incident involved Plaintiff making a derogatory comment to Glen Courtney about needing women's features to get better treatment, pushing a co-worker, making a racist comment, and being intoxicated at work.  (*Id.* at ¶ 13.)

## III.    LAW AND ANALYSIS:  INSUFFICIENT SERVICE OF PROCESS

a.    <u>Legal Standard.</u>

Without proof of sufficient service, the Court lacks personal jurisdiction over a defendant.  *Hukill v. Okla. Native American Domestic Violence Coalition*, 542 F.3d 794,

---

[3] Defendants recognize that the Court must take all of Plaintiff's well-pleaded allegations as true.  Defendants, however, deny those allegations and deny that they engaged in any wrongdoing.

797 (10th Cir. 2008). A motion under FRCP 12(b)(5) challenges the mode of delivery or the lack of delivery of the summons and complaint on the moving party. *Craig v. City of Hobart*, No. 09-cv-0053, 2010 U.S. Dist. LEXIS 16425, at \*2-3 (W.D. Okla. Feb. 24, 2010). In opposing a Rule 12(b)(5) motion, the plaintiff bears the burden of showing that he or she has "complied with all statutory and due process requirements." *Scott v. Garfield Cnty. Crim. Just. Auth.*, No. 24-cv-211, 2025 U.S. Dist. LEXIS 27158, at \*10 (W.D. Okla. Jan. 28, 2025). *Pro se* plaintiffs are subject to the same standard. *See e.g.*, *Coulter v. Butler*, No. 24-cv-835, 2025 U.S. Dist. LEXIS 56142, at \*3-4 (W.D. Okla. Mar. 26, 2025) (dismissing a *pro se* Plaintiff's claims for failure to properly serve the defendant).

        b.    <u>Plaintiff Did Not Serve Zales at the Proper Address</u>.

Signet received two Summons (ECF No. 6), both directed to "Signet Jewelers, d/b/a Zales Jewelers" at Signet's corporate address. However, there is no legal entity known as "Zales Jewelers, Inc." Even if there was, service on a parent company is not service on the subsidiary defendant. *Joshi Techs., Int'l, Inc. v. Consorcio Pegaso*, No. 17-cv-359, 2017 U.S. Dist. LEXIS 115888, at \*3 (N.D. Okla. July 25, 2017) (citing *Raeth v. Bank One*, No. 05-cv-02644, 2008 U.S. Dist. LEXIS 10620, at \*8 (D. Colo. Feb. 13, 2008). So, while Signet does wholly own multiple entities, one of which (Zale Delaware, Inc.) that in turn operates "Zales" branded jewelry stores, Zales has not been properly served in this matter pursuant to FRCP 4(h). Because Plaintiff has not properly served Zales, the Court lacks personal jurisdiction over Zales and Plaintiff's claims against Zales should be dismissed.

4

## IV.    LAW AND ANALYSIS:  LACK OF SUBJECT MATTER JURISDICTION OVER WORKERS' COMPENSATION CLAIM

a.    <u>Legal Standard</u>.

Rule 12(b)(1) authorizes the Court to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  Motions to dismiss for lack of subject matter jurisdiction can take two forms:  facial and factual attacks. *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995).  Facial attacks question subject matter jurisdiction based solely on the complaint's allegations, accepting all well-pleaded facts as true. *Id.* at 1003. Because federal courts have limited jurisdiction, "the party invoking federal jurisdiction bears the burden of proof" to overcome the presumption against jurisdiction. *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).

b.    <u>Plaintiff Cannot Establish Subject Matter Jurisdiction for His Workers' Compensation Claim, Because the Oklahoma Workers' Compensation Commission Has Exclusive Jurisdiction over Those Claims.</u>

Oklahoma's Administrative Workers' Compensation Act ("AWCA") provides the Oklahoma Workers' Compensation Commission (the "Commission") with exclusive jurisdiction over retaliation claims under the AWCA.[4]  85A Okla. Stat. § 5(A).  Because the Commission has exclusive jurisdiction over retaliation claims under the AWCA, this Court cannot have jurisdiction over those claims. *Calvin v. Sequel of Okla.,* LLC, No. 16-cv-1415, 2017 U.S. Dist. LEXIS 21083, at *3-4 (W.D. Okla. Feb. 15, 2017) (dismissing a workers' compensation retaliation claim because the court lacked jurisdiction); *DeBose v.*

---

[4] Plaintiff cites to a statute repealed effective February 1, 2014.  85 Okla. Stat. § 341.  The relevant section of the AWCA became effective the same day. *See* 85A Okla. Stat. § 5.

*Wal-Mart Assocs.*, No. 16-cv-254, 2016 U.S. Dist. LEXIS 65787, at \*4-5 (W.D. Okla. May 19, 2016) (same).  For this reason, Plaintiff's workers' compensation retaliation claim must be dismissed.

## V.    LAW AND ANALYSIS:  FAILURE TO STATE A CLAIM

### a.    Legal Standard.

"A complaint will survive dismissal only if it alleges a plausible claim for relief— that is, the '[f]actual allegations must be enough to raise a right to relief above the speculative level.'"  *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  To demonstrate plausibility, Plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  The Court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed."  *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007).

A *pro se* litigant's pleadings are "construed liberally" and held to a "less stringent standard" than those drafted by lawyers.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court must not, however, become an advocate for the *pro se* party.  *Id.*  The Court also must not discover new facts for the plaintiff or "construct a legal theory for plaintiff that assumes facts that have not been pleaded."  *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).  In other words, the Court is "not bound by conclusory allegations,

unwarranted inferences, or legal conclusions." *Thomas v. N.M. Corr. Dep't*, 272 Fed.

Appx. 727, 729 (10th Cir. 2008) (applying the 12(b)(6) standard to a *pro se* plaintiff).

      b.      <u>Plaintiff Has Not Exhausted His Administrative Remedies as to Signet.</u>

Plaintiff filed a charge of discrimination against "Zales" but not Signet. (Plaintiff's

Charge, attached as **Exhibit 1**.)[5] Under Title VII, the ADA, the ADEA, and the OADA,

plaintiffs are required to exhaust their administrative remedies before suing.[6] *Alexander v.*

*Two Oaks Invs., LLC*, 23-CV-406, 2024 U.S. Dist. LEXIS 141690, at *13-14 (N.D. Okla.

Aug. 9, 2024) (describing exhaustion for Title VII, the OADA, and the ADA); *Sheridan v.*

*Unifi Aviation, LLC*, No. 23-cv-00444, 2024 U.S. Dist. LEXIS 100610, at *11 (N.D. Okla.

June 6, 2024) (describing exhaustion for ADEA claims). Generally, a plaintiff must file a

charge against a party with the relevant agency before suing that party under Title VII or

statutes with comparable exhaustion requirements. *Knowlton v. Teltrust Phones, Inc.*, 189

F.3d 1177, 1185 (10th Cir. 1999). Courts apply two narrow exceptions to this rule: (1)

informal reference in the body of the charge and (2) sufficient identity of interest between

the named and un-named entities. *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th

Cir. 1980).

---

[5] Defendants may attach Plaintiff's Charge to its Motion to Dismiss without converting it
to a motion for summary judgment under FRCP 12(d), because it is both referenced in and
central to Plaintiff's claims. *Womack v. Mercy Hosp. Okla. City, Inc.*, No. 19-cv-683, 2020
U.S. Dist. LEXIS 113958, at *5, n.3 (W.D. Okla. June 29, 2020) (citing *GFF Corp. v.*
*Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997)).

[6] Defendants recognize that the Tenth Circuit has conflicting case law on whether
exhaustion is a jurisdictional pre-requisite to suit, but notes that this question is only
relevant when potential waiver of that defense is implicated, and such waiver is not
implicated in this case. *Wickware v. Johns Manville*, 676 Fed. Appx. 753, 767 n.4 (10th
Cir. 2017).

Applying the "identity of interest" test, courts in this Circuit have noted that assuming shared ownership "is synonymous with shared interests would disregard the validity of forming different business entities for different purposes, including the parent-subsidiary relationship." *Bowles v. Grant Trucking, LLC*, No. 1:16-cv-123, 2018 U.S. Dist. LEXIS 29303, at \*10 (D. Utah Feb. 22, 2018) (dismissing a parent entity under the identity of interest test when they were not identified in the charge and the plaintiff did not allege actions by the parent that contributed to the alleged conduct). Oklahoma federal courts have found a parent organization not named in a charge must be dismissed, unless the plaintiff can show the parent had notice of the claims against it and an opportunity to conciliate on its own behalf. *Hix v. SKS Dev. LLC*, No. 1:24-cv-175, 2024 U.S. Dist. LEXIS 128115, at \*16-17 (D.N.M. July 19, 2024). Plaintiff's allegations here are insufficient to meet any of the exceptions to the exhaustion requirement.

Plaintiff's charge did not name Signet as an employer that he believed discriminated against him. (**Ex. 1.**) The charge's only reference to Signet is a single reference to "Zales/Signet" in its description of the alleged acts, Plaintiff proceeds to refer to "Zales" and does not identify Signet's role in the alleged actions. (*Id.*) It is not clear from this passing reference if Plaintiff intends to bring claims against Signet for actions attributable to Signet or if he merely believed Signet and "Zales" are a single entity, and Plaintiff's Complaint contains no allegation to this effect. Nor has Plaintiff alleged that Signet and Zales share an identity of interests. In other words, Plaintiff's charge did not mention any contributions Signet made to the alleged conduct, and he has not alleged facts that support an identity of interest between Zales and Signet sufficient to satisfy the exception.

8

Because Signet was not named in the charge and Plaintiff has not pleaded facts that suggest Signet and Zales share an identity of interest, Plaintiff's claims under Title VII, the ADA, the ADEA, and the OADA should be dismissed as to Signet for failure to exhaust.

   c.    Plaintiff Fails to State a Claim for Race, Color, or National Origin Discrimination Under Title VII, Section 1981, or the OADA.

To state a claim for disparate treatment based on race, color, or national origin under Title VII,[7] the plaintiff must demonstrate that "(1) [he] belongs to a protected class, (2) [he] suffered an adverse employment action, and (3) the adverse employment action occurred under circumstances giving rise to an inference of discrimination." *Luster v. Vilsack*, 667 F.3d 1089, 1095 (10th Cir. 2011). "In any employment-discrimination case, the ultimate issue and 'central focus of the inquiry . . . is always whether the employer is treating some people less favorably than others *because of* their race, color, religion, sex, or national origin.'" *Morman v. Campbell Cnty. Mem. Hosp.*, 632 F. App'x 927, 934 (10th Cir. 2015). To adequately plead his claim, Plaintiff "must include enough context and detail to link the allegedly adverse employment action to a discriminatory or retaliatory motive with something besides sheer speculation." *Bekkem v. Wilkie*, 915 F.3d 1258, 1274-75 (10th Cir. 2019). He may provide that detail through allegations about "actions or remarks made by decisionmakers, preferential treatment given to employees outside the protected class, or more generally, upon the timing or sequence of events." *Jara v. Standard Parking*, 701

_____

[7] The Tenth Circuit has held that race, color, and national origin discrimination claims under Title VII, Section 1981, and the OADA may be assessed congruently. *Mills v. Amazon.com Servs., LLC*, No. 24-cv-0188, 2024 U.S. Dist. LEXIS 113238, at *8-9 (N.D. Okla. June 27, 2024) (quoting *Drake v. City of Fort Collins*, 927 F.2d 1156, 1162 (10th Cir. 1991) and citing *Jones v. Needham*, 856 F.3d 1284, 1292 (10th Cir. 2017)).

Fed. Appx. 733, 736 (10th Cir. 2017) (quoting *Barlow v. C.R. England, Inc.*, 703 F.3d 497, 505 (10th Cir. 2012)).

              1.     *Direct Evidence of Discrimination.*

One method of supporting a claim for discrimination is plausibly alleging "direct evidence" of discrimination. *McNellis v. Douglas Cnty. Sch. Dist.*, 116 F4th 1122, 1137 (10th Cir. 2024). "Direct evidence" is evidence "which if believed, proves [the] existence of [a] fact in issue without inference or presumption." *Id.* (quoting *Shorter v. ICG Holdings, Inc.*, 188 F.3d 1204, 1207 (10th Cir. 1999)). Plaintiff does not make any allegations supporting a claim for direct evidence discrimination. All of Plaintiff's factual allegations require the Court to infer discrimination was a motivating cause for the alleged adverse actions. To survive a motion to dismiss without direct evidence, Plaintiff must overcome the initial burden under the *McDonnel Douglas* framework. *Weathersby v. Latshaw Drilling Co., LLC*, No. 24-cv-368, 2024 U.S. Dist. LEXIS 214803, at *7 (N.D. Okla. Nov. 26, 2024).

              2.     *Stray Comments About Plaintiff's Race, Color, or National Origin.*

Plaintiff does not plausibly allege that the factual circumstances support an inference of discrimination. In support of his race, color, and national origin claims, he alleges that his co-workers referred to him as "Osama Bin Laden" or referred to Pakistani people as "your kind" of people in isolated instances. (ECF No. 1, ¶ 10.) But Plaintiff does not allege any connection between these comments and any alleged adverse action(s). *Ross v. Pentair Flow Techs.*, No. 19-cv-2690, 2020 U.S. Dist. LEXIS 36169, at *25-26 (D. Kan. Mar. 3, 2020) (citing *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1140 (10th Cir.

2000)).  Without any such allegation, there is no basis to infer Plaintiff suffered the alleged adverse actions because of his race, color, and/or national origin, and these causes of action should be dismissed.

### 3.  *Plaintiff's Alleged Comparators.*

The bulk of Plaintiff's factual support for all his discrimination claims involves alleged comparators.  Plaintiff conclusorily alleges "Younger, and/or White, and/or Female" employees who engaged in "conduct substantially the same or similar to [Plaintiff's conduct] have not been disciplined or discharged" and comparators "were promoted without any qualifications and paid more with less experience."  (ECF No. 1, ¶¶ 42, 45.)  But Plaintiff's actual factual allegations on this point are limited, and insufficient to sustain a cause of action.  He alleges three comparisons:  (1) Kiley Charboneau used "suggestive, vile, and explicit sexual language" in the workplace and was not disciplined; (2) other employees were allowed to take leave, but he was denied leave; and (3) other employees were paid higher hourly rates than him.  (*Id.* at ¶¶ 18-21, 24, 31.)  While Defendants deny these allegations, even if they were true, none of these comparisons support a plausible claim for discrimination.

Comparators are "similarly situated" to a plaintiff "when they deal with the same supervisor, are subjected to the same standards governing performance evaluation and discipline, and have engaged in conduct of 'comparable seriousness.'"  *EEOC v. PVNF, LLC*, 487 F.3d 790, 801 (10th Cir. 2007).  Plaintiff fails to allege facts that support a reasonable inference he was similarly situated in any of the three contexts.

*First*, Plaintiff does not allege Kiley Charboneau's allegedly sexually "suggestive, vile, and explicit" language violated any applicable employment policy, let alone a policy governing conduct of "comparable seriousness" to the physical contact, inappropriate gender-based and race-based language, or intoxication for which Plaintiff alleges Zales investigated and terminated him.[8]   *Ehireman v. Glanz*, No. 14-cv-292, 2014 U.S. Dist. LEXIS 151429, at \*14-15 (N.D. Okla. Oct. 24, 2014) (dismissing a race discrimination claim for failure to allege comparators violated any policy or procedure); *Larkins v. Okla. Hum. Servs.*, No. 23-cv-00307, 2024 U.S. Dist. LEXIS 128508, at \*7 (W.D. Okla. July 22, 2024) (dismissing a racial discrimination claim for failure to allege sufficient detail about a co-worker allegedly subject to different discipline for the same conduct).

*Second*, Plaintiff does not allege his comparators also requested the same form of leave or requested leave during the busy holiday season.  *Delesline v. Vilsack*, No. 20-cv-03809, 2022 U.S. Dist. LEXIS 211112, at \*10-11 (D. Colo. Nov. 21, 2022) (finding plaintiff had not plausibly shown individuals who requested medical leave for three days were similarly situated to him in his request for intermittent leave).  Additionally, aside from Kiley Charboneau, who was the store manager for part of the relevant period, he only mentions the alleged comparators by name, leaving out whether they were subject to the same standards and supervisors as him.

---

[8] Allegations that a "termination was based on allegations that were false" are conclusory and courts should not consider them in analyzing a motion to dismiss under Rule 12(b)(6). *Moussa v. Advent Health S. Overland Park, Inc.*, No. 24-cv-2213, 2024 U.S. Dist. LEXIS 181749, at \*6 (D. Kan. Oct. 4, 2024) (citing *Khalik*, v. United Air Lines, 671 F.3d 1188, 1193 (10th Cir. 2012)).

*Third* and *finally*, Plaintiff has not alleged that he held the same position as the employees allegedly paid higher hourly rates, or any facts from which the Court could infer that the difference was *because of* any protected characteristic. As the Tenth Circuit has noted, "[d]isparate salary alone is not sufficient to make out an actionable Title VII case of discrimination." *Williams v. U-Haul Co.*, No. 98-1046, 1998 U.S. App. LEXIS 23341, at *5 (10th Cir. Sept. 22, 1998).

Because Plaintiff has not alleged facts that allow the Court to reasonably infer he was similarly situated to his comparators in his misconduct, leave requests, or pay, these comparisons do not support a plausible claim for any of his discrimination claims. *Brown v. McDonough*, No. 21-cv-763, 2022 U.S. Dist. LEXIS 178703, at *9 (W.D. Okla. Sept. 30, 2022) (dismissing a racial discrimination claim for failure to allege facts reasonably supporting an inference that other employees were similarly situated to the plaintiff).

Due to Plaintiff's failure to plausibly allege discrimination based on his race, color, and/or national origin, his race, color, and national origin discrimination claims under Title VII, the OADA, and Section 1981 should be dismissed.

    d.    <u>Plaintiff Fails to State a Claim for Gender Discrimination Under Title VII and the OADA</u>.

Plaintiff's gender discrimination claim requires pleading facts that plausibly support the same elements required for his racial discrimination claim. *Luster*, 667 F.3d at 1095. However, because Plaintiff is male, his gender discrimination claim is a "reverse discrimination" claim. When plaintiffs bring "reverse discrimination" claims under Title VII or the OADA, they must "establish background circumstances that support an inference

that the defendant is one of the unusual employers who discriminates against the majority." *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1201 (10th Cir. 2006).[9] The alternative option is producing facts "sufficient to support a reasonable inference that but for plaintiff's status the challenged decision would not have occurred." *Id.*

Plaintiff has not alleged such facts here. He merely alleges that he was paid less than some of his female co-workers. (ECF No. 1, ¶¶ 18-21.) However, "Title VII does not make unexplained differences in treatment per se illegal." *Rutila v. Buttigieg*, No. 23-6157, 2024 U.S. App. LEXIS 32048, at *6-7 (10th Cir. Dec. 18, 2024) (quoting *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1232 (10th Cir. 2000)) (affirming dismissal of a reverse gender discrimination claim where plaintiff failed to allege why others were reinstated when he was not). Additionally, both Glen Courtney, Plaintiff's store manager during part of the relevant period, and Sam Butler, the district manager, are male, which undermines any inference that Zales is one of the "unusual employers" that favors women over men in employment decisions. *Nelson v. Mayorkas*, No. 1:23-cv-00100, 2024 U.S. Dist. LEXIS 46620, at *28-29 (D. Colo. Jan. 26, 2024) (dismissing a reverse gender discrimination claim where the factual allegations showed the employer had males in leadership positions).

---

[9] Defendants are aware that the Supreme Court is currently evaluating this heightened standard. *See Ames v. Ohio Dep't of Youth Services* (U.S. Supreme Court, Docket No. 23-1039). While the heightened standard remains the law, Plaintiff's claims fail under both the heightened standard and the lower standard applied to other Title VII gender discrimination claims.

In other words, none of Plaintiff's factual allegations support a reasonable inference that he would have been treated better "but for" his gender or that Zales discriminates against men. Because Plaintiff has not alleged facts sufficient to plausibly meet the heightened standard for reverse discrimination claims, his gender discrimination claim should be dismissed. *Lewick v. Sampler Stores, Inc.*, No. 21-1251, 2022 U.S. Dist. LEXIS 133709, at \*15-17 (D. Kan. July 27, 2022) (dismissing a reverse gender discrimination claim where the plaintiff failed to allege facts supporting either background circumstances or "but for" discrimination).

Plaintiff's gender discrimination claim also fails under the more lenient standard applied to gender discrimination claims brought by women. As discussed above, Plaintiff's factual allegations about alleged comparators do not support a reasonable inference that the alleged differences in treatment were due to his gender. *PVNF*, 487 F.3d at 801. Plaintiff has not alleged any other comments or actions that reasonably support an inference that the alleged adverse actions were because of his gender. While Plaintiff is not required to meet his *prima facie* burden at the motion to dismiss stage, he must do more than show differential treatment and ask the Court to supply facts or make an unwarranted inference that this treatment was because of his gender. *Bekkem*, 915 F.3d at 1274; *see also New v. Bd. of Cty. Comm'rs*, 434 F. Supp. 3d 1219, 1224-1225 (N.D. Okla. 2020) (dismissing a gender discrimination claim for failure to allege that comparators held a similar position or facts supporting that denial of flex time was because of her gender); *Johnson v. Weld Cnty.*, 594 F.3d 1202, 1215 (10th Cir. 2010) (holding pay discrimination claims require evidence tending to show the plaintiff occupied a job similar to a higher paid male). Because

15

Plaintiff has not alleged facts that support even the lower standard for "traditional" gender discrimination claims, his reverse gender discrimination claim should be dismissed, even if his claim is subject to the lower standard.

     e.    <u>Plaintiff Fails to State a Claim for Disability Discrimination Under the ADA</u>.

To adequately plead a claim for disability discrimination under the ADA, Plaintiff must establish that he "(1) is a disabled person as defined by the ADA, (2) is qualified, with or without reasonable accommodation to perform the essential functions of the job held or desired, and (3) suffered discrimination by an employer . . . because of that disability." *Osbourne v. Baxter Healthcare Corp.*, 798 F.3d 1260, 1266 (10th Cir. 2015). While Plaintiff alleges he is disabled and suffered an adverse action, Plaintiff has not alleged any facts that support a reasonable inference that he suffered the alleged adverse actions "because of" his disability.

Like the racial remarks discussed above, Plaintiff alleges that unidentified co-workers laughed at his "manner of speech" on multiple occasions. (ECF No. 1, ¶ 10.) Plaintiff does not, however, allege any of the individuals who allegedly mocked his stutter were involved in or influenced decisions about his terms and conditions of employment. These isolated incidents of alleged laughter by co-workers are not enough to support a reasonable inference that Plaintiff suffered the alleged adverse action because of his disability. *Cole v. Brennan*, No. 17-cv-670, 2020 U.S. Dist. LEXIS 261125, at *9 (N.D. Okla. Nov. 10, 2020) (dismissing a disability discrimination claim because the plaintiff did "not provide any factual allegations that he was disciplined because of his disability"). Because Plaintiff offers no facts that support a reasonable inference that he suffered the

alleged actions "because of" his alleged disability, his disability discrimination claim should be dismissed.

  f.  <u>Plaintiff Fails to State a Claim for Age Discrimination Under the ADEA</u>.

  To adequately plead a claim for age discrimination under the ADEA, Plaintiff must establish that (1) he is a member of a protected class, (2) he suffered an adverse employment action, and (3) the challenged action occurred under circumstances giving rise to an inference of discrimination. *Bennett v. Windstream Communs., Inc.*, 792 F.3d 1261, 1266 (10th Cir. 2015). ADEA claims, like Title VII claims, require Plaintiff to "include enough context and detail to link the allegedly adverse employment action to a discriminatory or retaliatory motive with something besides 'sheer speculation.'" *Littlewood v. Novartis Pharms. Corp.*, No. 21-cv-02559, 2022 U.S. Dist. LEXIS 138103, at \*14 (D. Colo. Aug. 3, 2022) (citing *Bekkem*, 915 F.3d at 1274-75).

  For the reasons discussed above, Plaintiff's factual allegations about comparators fail to establish the required link between the adverse actions and a discriminatory motive based on age. In addition to the comparator allegations, Plaintiff alleges that his "age was a motivating factor in Defendant's failure to give [him] due consideration for promotion and its termination decision." (ECF. No. 1, ¶ 78.) Like his gender discrimination claim, these allegations are conclusory and do not offer any additional factual allegations to support a reasonable inference the alleged adverse actions occurred "because of" his age. *Branum v. Orscheln Farm & Home, LLC*, No. 18-cv-281, 2020 U.S. Dist. LEXIS 68839, at \*9 (E.D. Okla. Apr. 20, 2020) (dismissing a claim under the ADEA for failure to allege facts supporting that "age was the factor that made a difference" in the employment

17

decision).  Instead, he offers conclusory statements that, on their own, are not enough to state a claim under the ADEA.  *Hernoe v. Lone Star Indus.*, No. 12-cv-0167, 2012 U.S. Dist. LEXIS 74887, at \*7-8 (N.D. Okla. May 31, 2012) (dismissing a plaintiff's ADEA claim because he failed to allege facts that supported his conclusory allegations).  Because Plaintiff has not pleaded facts supporting a reasonable inference of age discrimination, his age discrimination claim should be dismissed.

     g.    <u>Plaintiff Fails to State a Claim for Retaliation Under Title VII or Section 1981</u>.

To adequately plead a claim for retaliation under Title VII or Section 1981,[10] Plaintiff must plausibly allege "(1) that he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged activity materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action."  *Khalik*, 671 F.3d at 1193.  Comments and conduct qualify as protected activity if they convey a concern that the employer has engaged in an unlawful practice under the statute.  *Paffe v. Wise Foods, Inc.*, No. 1:24-cv-00402, 2025 U.S. Dist. LEXIS 40675, at \*30-32 (D. Colo. Feb. 25, 2025) (finding comments that it was "odd" there were not more women in leadership were not protected activity under Title VII).

---

[10] "[T]he principles set forth in Title VII retaliation cases apply with equal force" to Section 1981 retaliation claims.  *Parker Excavating, Inc. v. Lafarge W., Inc.*, 863 F.3d 1213, 1220 (10th Cir. 2017) (quoting *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 998 (10th Cir. 2011)); *see also Weathersby v. Latshaw Drilling Co., LLC*, 2024 U.S. Dist. LEXIS 214803 at \*18-19.

Beyond conclusory allegations, the only facts Plaintiff offers to support an inference that he engaged in protected activity involve his comment to his supervisor that he needed women's features to get better treatment at the store. (ECF No. 1, ¶ 13.)  Because his only alleged protected activity invokes gender, rather than race or color, Plaintiff has not stated a claim for retaliation under Section 1981, which only covers race and color discrimination.

Even under Title VII, however, his alleged gender-related comment is not a protected activity.  This derogatory comment does not "convey a concern" that Zales engaged in an unlawful practice, because it does not identify any practice by Zales. *Paffe*, 2025 U.S. Dist. LEXIS 40675 at \*30-32.  Plaintiff's remaining allegations about his alleged complaint are conclusory and do not support a reasonable inference that Plaintiff raised concerns with practices he reasonably believed were discriminatory or unlawful.  The Court is not required to "assume facts that have not been pleaded." *Dunn*, 880 F.2d at 1197.  Because his derogatory comment was not protected activity and the Court is not required to infer that Plaintiff made a separate, protected complaint, Plaintiff's retaliation claim under Title VII should be dismissed.

h.   Plaintiff Cannot State a Claim for Retaliation Under the OADA, Because No Such Cause of Action Exists.

The Oklahoma Supreme Court has held that the OADA does not "provide any remedy to compensate an employee who suffers retaliation at the hands of an employer." *Edwards v. Andrews*, 2016 O.K. 107, at ¶ 9.  Because the OADA does not support a cognizable claim for retaliation, Plaintiff's retaliation claim under the OADA should be dismissed. *Theron v. Canadian Cnty. ex rel. Bd. of Cnty. Comm'rs*, No. 23-cv-1176, 2024

U.S. Dist. LEXIS 174439, at *14 (W.D. Okla. Sept. 26, 2024) (dismissing a plaintiff's claim for retaliation under the OADA because it was "not cognizable"); *see also Davis v. Mercy Rehab. Hosp.*, No. 19-cv-561, 2019 U.S. Dist. LEXIS 241153, at *10 (W.D. Okla. Nov. 20, 2019).

## VI.    CONCLUSION

For the foregoing reasons, (1) the Zales defendant has not been properly served, (2) the Court lacks subject matter jurisdiction over Plaintiff's workers' compensation retaliation claim, (3) Plaintiff has failed to exhaust his Title VII, ADA, ADEA, and OADA claims as to Signet, and (4) each of Plaintiff's discrimination and retaliation claims fails to state a claim upon which relief can be granted.  Plaintiff's complaint should, therefore, be dismissed in its entirety.

Respectfully submitted,

s/ Jessica L. Dark
Jessica L. Dark (OBA No. 31236)
PIERCE COUCH HENDRICKSON
BAYSINGER & GREEN, LLP
1109 N. Francis Ave.
Oklahoma City, OK 73106
Phone:  405-235-1611
Fax:  405-235-2904
jdark@piercecouch.com

and

20

Michael J. Shoenfelt* (Ohio - 0091154)
Matthew F. Schmitz* (Ohio - 0105159)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street, P.O. Box 1008
Columbus, OH 43216
Phone:  (614) 464-5497
Email:  mjshoenfelt@vorys.com
mfschmitz@vorys.com

*To Be Admitted Pro Hac Vice
Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of April 2025, a true and accurate copy of the foregoing Motion to Dismiss Plaintiff's Complaint was filed electronically with the U.S. District Court for the Western District of Oklahoma.

I further certify that a true and accurate copy of the foregoing was served on Plaintiff Edwin Bhatti by e-mail at the following address:  edwinbhatti@yahoo.com.

s/ Jessica L. Dark
Jessica L. Dark