UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDWIN BHATTI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-25-122-J |
| | ) |
| SIGNET JEWELERS, d/b/a ZALES | ) |
| JEWELERS, INC., et al. | ) |
| | ) |
| Defendants. | ) |

## ORDER FOR AMENDMENT

Plaintiff, appearing pro se, filed a civil suit against (1) Signet Jewelers, Ltd. d/b/a Zales Jewelers (Signet) and (2) Zales Jewelers, Inc. a/k/a Zales Jewelers #1492 a/k/a Zales Corporation a/k/a Zale-Shawnee. [Doc. No. 1 at 1]. Defendants then filed three disclosure statements, indicating that Signet is the parent company, Zales Corporation is a wholly owned subsidiary of Signet, and Zales Delaware, Inc. is a wholly owned subsidiary of Zales Corporation. [Doc. Nos. 11-13]. In its pending motion to dismiss, Defendants note that Zales Delaware is not named in the Complaint but is the entity that employed Plaintiff. [Doc. No. 10 at 1].[1] Both Plaintiff and Defendants refer to "Zales" cumulatively in briefing.

On review, the Court finds that Plaintiff's Complaint does not sufficiently identify what entity he is suing and Defendants' motion to dismiss does not sufficiently clarify what arguments relate to which entity. The ambiguity makes ruling on Defendants' motion to dismiss problematic.[2]

---

[1] Page citations refer to this Court's CM/ECF pagination.

[2] For example, the Court cannot determine if Plaintiff properly served each entity without knowing who exactly Plaintiff is suing.

Accordingly, the Court finds that Plaintiff must amend his Complaint before this matter moves forward.

IT IS THEREFORE ORDERED that Plaintiff shall file an Amended Complaint clearly establishing who he is suing: Signet, Zales Corporation, and/or Zales Delaware.  Moreover, the Amended Complaint should make clear why each separate entity is individually liable.[3]  In crafting his Amended Complaint, Plaintiff should carefully consider the deficiencies that Defendants allege exist.  Finally, Plaintiff's Amended Complaint will supersede the original; thus, Plaintiff must set forth *all* relevant facts and claims in the Amended Complaint and is cautioned that he cannot add new facts or legal allegations in a response brief.  Plaintiff's deadline for filing the Amended Complaint is June 12, 2025.[4]

Based on the foregoing, Defendants' motion to dismiss [Doc. No. 8] is DENIED as moot.

IT IS SO ORDERED this 22nd day of March, 2025.



BERNARD M. JONES
UNITED STATES DISTRICT JUDGE

---

[3] "It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation is not liable for the acts of its subsidiaries.  To establish liability of a parent company for its subsidiary's actions . . . a plaintiff must prove a level of control beyond the ordinary involvement of a parent in the affairs of its subsidiaries." *Panepinto v. Compression Sols., LLC*, No. 19-CV-259-JFH-SH, 2024 WL 3186568, at *3 (N.D. Okla. June 26, 2024) (cleaned up).

[4] To aid the Court, if Defendant(s) chose to file a motion to dismiss in response to the Amended Complaint, and assuming Plaintiff identifies multiple entities as Defendants, they should clearly identify what defenses relate to which entities.