IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

FILED

JUN 1 1 2025

JOAN KANE, CLERK
U.S. DIST. COURT WESTERN DIST. OKLA
BY_____, DEPUTY

(1) EDWIN BHATTI,

        Plaintiff,

v.

(1) ZALE DELAWARE, INC.

        Defendants.

Case No. CIV-25-122-J

JURY TRIAL HUMBLY REQUESTED

## AMENDED COMPLAINT.

## TABLE OF AUTHORITIES

(1) The Rule 12(b)(6) test has been revised in recent years. In Conley v. Gibson, 355 U.S. 41 (1957), the Supreme Court stated the interplay between Rule 8 (pleading) and Rule 12(b)(6) as follows: "[T]he accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46. In Bell Atlantic Corporation v. Twombly, 55 U.S. 544 (2007).

(2) Discrimination based on race, color, national origin, age, disability and gender, sexual harassment, defamation of character and retaliation all in violation of

1

Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e et seq.

(3) The Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101 et seq., the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq., 42 U.S.C. § 1981.

(4) The Oklahoma Anti-Discrimination Act, and the Oklahoma Workers' Compensation Act, 85 O.S. § 341.

(5) Jurisdiction over the Federal claims is vested under 28 U.S.C. § 1331 and 1343, and 29 U.S.C § 626. Because the state law claims arise out of the same core facts and form part of the Same case or controversy, jurisdiction over those claims is vested under 28 U.S.C. § 1367(a).

(6) Violation of Sexual Harassment Act under Title VII of the Civil Right Act of 1964 and EEOC Section 703 of the Title.

(7) Defamation of Character 28 U.S.C. CH 181 § 4101.

## JURISDICTION AND VENUE

I, the Plaintiff Edwin Bhatti's claims are: Discrimination based on race, color, National origin, age, sex, disability, sexual Harassment, defamation of the character and retaliation all in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e et seq., the American's with Disabilities Act, as amended, 42 U.S.C. §§ 12101 et seq., the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq., Sexual Harassment with Title VII of the Civil Rights Acts of 1964,. 42 U.S.C. § 1981, the Oklahoma Anti-Discrimination Act. Jurisdiction over the federal claims is vested under 28 U.S.C. § 1331 and 1343, and 29 U.S.C § 626. Violation of Sexual Harassment

2

Act under Title VII of the Civil Right Act of 1964 and EEOC Section 703 of the Title.

Defamation of Character 28 U.S.C. CH 181 § 4101. Because the state law claims arise

out of the same core facts and form part of the same case or controversy, jurisdiction over

those claims is vested under 28 U.S.C. § 1367(a).

All of the actions complained of occurred in Shawnee Oklahoma, Pottawatomie County,

Oklahoma, and the Defendant may be served at the Registered Agent listed on the

website of Oklahoma Secretary of State "C T Corporation System. 1833 South

Morgan Road. Oklahoma City, OK. 73128 in Oklahoma County or if Defense

Counsel(s) will agree then via email to the Defense Counsel(s) of the Defendant.

Pottawatomie County is located within the Western District of the State of Oklahoma

and, thus, venue is proper in this Honorable Court under 28 U.S.C. § 1391(b), 42 U.S.C.

§ 12117{a), 42 U.S.C. § 2000e-S(f)(3).

## **BRIEF**

Zale Delaware, Inc., and its Counsel(s) will file another ("Motion to Dismiss, and

Motion to Strike"), on Plaintiff's Amended Complaint based on Federal Rule of Civil

Procedure 12(b)(6). Plaintiff will Oppose both the Motion(s) again.

Rule 12(b)(6) provides that parties may assert by motion(s) a defense based on

"failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

The Rule 12(b)(6) test has been revised in recent years. In Conley v. Gibson, 355 U.S.

41 (1957), Supreme Court stated the interplay between Rule 8 (pleading) and Rule 12(b)(6)

as follows: "[T]he accepted rule [is] that a complaint should not be dismissed for failure

to state a claim unless it appears beyond doubt that the plaintiff can prove no set of

facts in support of his claim which would entitle him to relief. " 355 U.S. at 45-46. In

Bell Atlantic Corporation v. Twombly, 55 U.S. 544 (2007), the Court noted questions raised regarding the "no set of facts" test and clarified that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," id. at 563. It continued: "Conley, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's or Amended Complaint survival." Id. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Court further elaborated on the test, including this statement: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Id. at 1949 (citation omitted). Where a complaint is inadequate, leave to amend the complaint is common. See, e.g., Butt v. United Brotherhood of Carpenters & Joiners of America, No. 09–4285, 2010 WL 2080034 (E.D. Pa. May 19, 2010). But Zale Delaware, Inc. asserts no factual inadequacy in their defense and seeks dismissal "with prejudice". "[P]rovided that, in the event the Court determines that the resolution of factual issues is necessary for its merits determination, it may require a further merits hearing following discovery." But Zale Delaware, Inc. Defense seems designed to end-run be rejected for that reason, too. If this Honorable Court makes a ruling on the merits, as a matter of law, there will be a decision one way or the other on the merits and no need for a dismissal of Plaintiffs' Amended Complaint. If this Honorable Court finds that further facts are necessary to its decision, then those will be provided under the order of this Honorable Court. Plaintiff further prays and request the Honorable Judge and the Honorable Court, further Motion(s) of the Defendant should be Dismissed or denied if there are no factual facts.

<u>**AMENDED COMPLAINT**</u>

**COMES NOW, THE PLAINTIFF,** Edwin S. Bhatti, and for my causes of action herein I the Plaintiff allege, and state as follows:

<u>**PARTIES**</u>

1. I, Edwin Bhatti, the Plaintiff, am an adult male of Pakistani origin and of Asian descent residing in Pottawatomie County, Oklahoma. I am over 40 years of age. I am a citizen of the United States and the Resident of State of Oklahoma and was employed by Defendant in Shawnee, Oklahoma within the Western District of Oklahoma. At all relevant times, I met the definition of an "employee" under all applicable statutes.

2. The Defendant is: ZALE DELAWARE, INC, for-profit corporation doing business as Zales Jewelers #1492 within Shawnee, OK in the Western District of Oklahoma.

3. My claims are: (1) discrimination based on race, color, national origin, age, disability and gender, sexual harassment, defamation of character and retaliation all in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e et seq., the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101 et seq., the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq., 42 U.S.C. § 1981, the Oklahoma Anti-Discrimination Act, and the Oklahoma Workers' Compensation Act, 85 O.S. § 341. Jurisdiction over the federal claims is vested under 28 U.S.C. § 1331 and 1343, and 29 U.S.C § 626. Because the state law claims arise out of the same core facts and form part of the Same case or controversy, jurisdiction over those claims is vested under 28 U.S.C. § 1367(a).

4. All of the actions complained of occurred in Pottawatomie County, within the Western District of Oklahoma, and the Defendants may be served within the Western District of the State of Oklahoma, specifically within Pottawatomie and Oklahoma Counties, and, thus, venue is proper in this Court under 28 U.S.C. § 1391(b), 42 U.S.C. § 12117{a), 42 U.S.C. § 2000e-S(f)(3).

## STATEMENT OF ALLEGED FACTS

5. I, Edwin Bhatti, am a 50-year-old adult male of Asian descent born in Pakistan. I am a U.S. citizen. I was employed by the Defendant ZALE DELAWARE, INC., (who were issuing Plaintiff his Pay Check) from November of 2019 until my employment was wrongly terminated on March 15, 2023.

6. I have a disability. Specifically, I have a speech impediment that impacts my speech by causing me to stutter. I was employed by Zale Delaware Inc, until I was wrongly terminated on March 15th, 2023. During my employment I experienced discrimination, harassment, and retaliation in terms of unequal pay, denial of leave for a family emergency, where my mother had a heart attack and instant surgery was required and preformed and denial of promotion, jokes being made at my expense, among other things. Even after my termination, Zales Delaware Inc, retaliated against me by using false information to fight my unemployment claim but could not produce any evidence. Even to a point there first-hand person with experience Ms. / Mrs. Kiley Charboneaue / Sims did not appear at the hearing.

7. I was Mocked and Laughed at While Working at Zale Delaware Inc due to my speech impediment. (*Evidence produced by Plaintiff (Document 28 - Exhibit 3 – Witness Statement to the EEOC Investigator)*

8.  Numerous times I texted District Manager Mr. Jason Lima but will never hear back from him, I wanted to discuss about the unfair treatment I was getting at the Zale Delaware Inc., only the time he will text is when he needed something from me.

9.  Zale Delaware Inc, employees made derogatory comments about me and laughed at me on a number of occasions. They laughed at my manner of speech and called me Osama Bin Laden, camel jockey, bald buddha. They made negative references to "your kind" of people when referring to Pakistani Americans.

10. This harassment was in addition to all of the other forms of discrimination I experienced as set forth below.

11. The Defendant Zale Delaware Inc. stated reason for the termination is false.

12. I was well qualified for my job, and I was respectful of everyone in the workplace. I referred to everyone as Sir or Ma'am. I gladly pitched in with cleaning. I also treated customers well as is shown by the fact that I was a top salesperson. I took on extra managerial duties when needed even without fair compensation.

13. According to Zales, the termination was based on an incident that allegedly occurred on November 9th, 2022, and was reported by an anonymous caller later that month. Specifically, Defendant Zale Delaware Inc, claim that on November 9th, 2022, I made a derogatory comment to Mr. Glen Courtney about needing a woman's physical attributes in order to get better treatment, that I pushed a coworker, made a racist comment, and was intoxicated at work. All of the allegation's / accusations are false.

7

14.  In fact, I had actually just complained to Mr. Glen Courtney in 2021 about unfair treatment I was experiencing in terms of pay, scheduling, etc., compared to female employees. My complaint was never investigated, and no action was ever taken to correct the unfair treatment. The failure to take my complaint seriously was another act of discrimination.

15.  The Defendant Zale Delaware Inc., have admitted that there were no prior incidents to the alleged event before and after November 2022. So, in order to believe Zale Delaware Inc, you would need to believe that I went from being a good, respectful employee who was never written up, disciplined, or even warned for any reason for three years to being an uncouth racist, sexist man who pushes women in front of customers, and who gets drunk at work in a very short period of time. None of these things are true. I worked hard and performed my duties at a high level, and gladly did my part by pitching in on every task including cleaning.

16.  I was reliable and did everything I could to be helpful and a Team Player. On March 13th, 2023 just two days before my termination, the current store manager still relied on me to help with her inventory duties. I respectfully agreed to help, referring to her as ma'am as my usual practice, I have text messages and correspondence with my ex co-workers who were all females that I always called every single one of them ma'am or Ms. XYZ with respect.

17.  **I Was Paid Half What Other Employees Were Paid.**

8

18.  I was hired at $7.50 per hour in November 2019. I learned from Ms./Mrs. Kiley Charboneau / Sims that at the end of August 2019 she was hired at a rate of $15.00 per hour, just two months earlier than me. I have significantly more education and experience than her. I have an Associate and a Bachelor's degree. I earned two degrees from the University of London, UK. I have certifications from the DOD, Joint Military Intelligence Training Center, and the OSBI. I have held Security Clearances to the Highest Level SIX, "COSMIC TOP SECRET (TS), SCI, PKI, NATO Secret, NATO Confidential, ATOMAL and KEYWORD. Further, I had years of experience in store management and even received recognition for Sales Excellence for my work at the Army, Air Force Exchange at Tinker AFB. In contrast, Ms. / Mrs. Carboneau has no college degree and less experience in sales, especially as a store manager.

19.  Matter of fact, Ms. / Mrs. Charboneau holds High School Diploma and Cosmetology Certificate only.

20.  I started at $7.50 per hour. My pay slowly increased to 9.00, $9.27, $12.50, and finally to $15.00 per hour in August 2021. It took nearly two years, and still only reached $15 because the company determined that would be the base pay for everyone working on the floor and New Federal Law that everyone's pay will be $15.00 and hour.

21.  Even my wife earned more than me with no sales experience in Jewelry, when she was hired in November 2021 at a rate of $15.80 per hour. At that same time, Ms. Ruth and Ms. Kiresta were hired and got paid $15.50 per hour by Zale Delaware Inc. Both of them had less experience and education

9

than me, but they were paid more. *(Evidence produced by Plaintiff (Document 28 - Exhibit 2 – Proof of Pay).*

22. My pay was not increased to $16.30 until October of 2022. It was in response to my complaint that I was handling so many store manager duties while being denied the job title or the compensation. The $0.78 increase was listed as a promotion, but I still did not receive the title or compensation of a manager which would have been at least $23 per hour, or $48,000 per year, plus substantial bonuses based on storewide sales. According to Ms. Charboneau, the bonuses alone could double or triple the store manager salary. I was denied these things.

23. **I Was Denied Leave When My Mother Had a Heart Attack.**

24. My mother had two heart attacks in November 2022. I requested FMLA leave paperwork from Ms./Mrs. Charboneau / Sims. She said she would take care of the paperwork and submit it. The next day she told me that I could not take FMLA leave because it was the holiday season and I was needed. I was required to work my full schedule throughout November. This was an unlawful denial of leave.

25. Employees who were not male, disabled, over 40, or of not foreign origin were allowed to take leave for far less serious matters. For example, Ms. / Mrs. Jessica Hinton was allowed to take leave with no notice for her kids practices and games. Ms. / Mrs. Jessica Hinton would simply call at the time she was scheduled and say she could not work. She was also allowed to bring her 14, 11, 9 years old kids to work and will be taking care of her kids

10

and playing with her kids (Recorded Video of December between 26th - 28th. will show while at work she is playing and wrestling with her son can be seen) but it was allowed with no percussions. In addition, Ms. Ruth was allowed to take off to attend cheer leading practice, and Ms./Mrs. Charboneau would often take off on Mondays to spend time with her husband when he was off. She would even neglect her duty to ship jewelry to the home office on those Mondays.

26.    **The Defendant interfered with my right to give me a workers compensation claim.** They denied me leave and forced me to seek treatment on my own time and at my own expense utilizing Sooner Care.

27.    **My Hours Were Given to Other Employees.**

27.    Although I was considered a full-time employee, my hours were often unfairly stripped and given to part-time employees. This created a hardship for me and my family. I often had to use leave hours to make up for the loss of income.

28.    **I Was Denied a Promotion and Commensurate Pay.**

The store manager, Mr. Glen Courtney left the store on September 10th, 2022. Two days later, on the 12th, the assistant store manager stepped down citing health issues. Neither position was opened for application. It was simply announced that a new store manager had been selected from another state, and on the 13th we were told that Ms./Mrs. Kiley Charboneau/Sims would be the new assistant store manager despite not having adequate experience. Ms./Mrs. Charboneau/Sims quickly became overwhelmed and requested additional training.

Zale Delaware Inc., sent a store manager from Norman to train her. The new store manager backed out. The position was not opened for application. The Norman, OK store manager encouraged Ms./Mrs. Kiley Charboneau/Sims to request the position and ask that she be allowed to select a new assistant store manager. The district manager agreed, and in November 2022, he came to the store to train Ms./Mrs. Charboneau/Sims in person. It is important to note that the district manager did not mention any of the false allegations. He did not counsel or discipline me in any way for the alleged misconduct.

29. During the month of September, Ms. Charboneau, in her new role as assistant store manager, asked me to take on management-level responsibilities. I requested that I be promoted and paid in line with the new duties. Ms./Mrs. Charboneau / Sims denied me the promotion. I was given a $0.78 pay increase in October. The small pay increase was listed as promotion, although no promotion took place. The assistant store manager position was not opened for application and was never offered to me. Ms./Mrs. Charboneau / Sims even tried to persuade females from outside of the store to take the position. As of the date of my wrongful termination, the position was still open even though I was performing a lot of the duties including duties of Ms./Mrs. Charboneau's / Sims. (Have Evidence of Text Messages)

30. The Defendant Zale Delaware Inc., agent/employee, Ms./Mrs. Kylie Charboneau / Sims, repeatedly engaged in unwelcome sexual conduct in the workplace including using suggestive, vile and explicit sexual language.

She was never disciplined. In fact she was promoted to manager, and the conduct continued. *(Evidence produced by Plaintiff (Document 28 - Exhibit 3 – Witness Statement to the EEOC Investigator and a Picture).*

31. **I Was Retaliated Against for Complaining About Discrimination.**

32. I believe the treatment I received during my employment and the decision to terminate me were, in part, in retaliation for my protected complaints of discrimination and unfair treatment. This is because no legitimate reason was given for the decision at the time. I asked Mr. Sam Butler, the district manager, who informed me of my termination, why I was being let go. He told me that he did not know why and told me to contact Human Resources. I contacted HR multiple times and was told that someone would get back to me about it. No one ever did.

33. I also believe the decision to contest my unemployment was, in part, retaliatory. Zale Delaware Inc. made up allegations tied to a date, when I was not even at work. They cannot provide any evidence to support their allegations because they are not even true. Moreover, they have admitted that there were no incidents prior to their made-up occurrence on November 9th, 2022, reported to Oklahoma Unemployment Security Commission by the Defendant Zale Delaware Inc,.

34. I, on the other hand, can show that I was paid far less. I can show my qualifications. I have provided a photo of me doing my part to keep the

store clean. I can show that I was required to keep working when my mother was very ill with serious heart trouble.

35.   It is clear that there is not legitimate reason for the decision to terminate me. So, the only reasonable conclusion is that the decision, and the objection to my unemployment, were further acts of discrimination and I or retaliation.

36.   As shown above, I was a good employee. I was never written up or disciplined prior to my termination. I was laughed at, paid less, denied F M L A leave, given fewer hours, denied promotion. Also, my complaint of discrimination and unfair treatment was not investigated, and nothing was done to correct the problem. I was terminated for no legitimate reason and my unemployment was contested based on false information linked to alleged conduct that supposedly took place on a day I was not even at work. All of this was because of my age, gender, disability, race, and national origin in violation of State and Federal anti-discrimination and anti-retaliation laws.

37.   Based on my education, work experience, and training I was well-qualified for my position,

38.   I discharged my duties in a conscientious and satisfactory manner until my employment was wrongfully terminated position. Nevertheless, I received adverse treatment from the Defendant Zale Delaware Inc., and its employee(s) I agent(s).

39.   I complained about the adverse and unlawful treatment, and I was retaliated against.

40.      I was denied leave, promotion, and pay commensurate with my experience and qualification unlike younger, and/or white, and/or female employees who were promoted without any qualifications and paid more with less experience.

41.      Defendants did nothing to stop or correct the discriminatory, harassing and retaliatory conduct.

42.      Defendants' dismissiveness, failure to address my serious concerns, and failure to conduct a good faith investigation of my concerns was based, at least in part, on a negative view of my race, color, national origin, disability, gender, and age, and/or in retaliation for opposing unlawful discrimination practices in the workplace, sexual harassment, defamation of character. Defendant Zale Delaware Inc., whose failure to take corrective action, fostered an environment in which unlawful treatment flourished.

43.      Younger, and/or White, and/or Female employees who actually engaged in conduct substantially the same or similar to that which the Defendants accuse me of have not been disciplined or discharged.

44.      Instead, they have been promoted and paid more.

45.      As a result of Defendant's adverse actions in discharging me, I have sustained loss of wages, loss of benefits and other compensation, loss of work, training, and experience, loss of career path, loss of future wages and other compensation, and other compensatory damages, including without limitation, humiliation, loss of dignity, loss of enjoyment of life, worry, stress, and damage to reputation.Defendant's adverse actions were intentional, willful, malicious, and/or in reckless disregard of my legal rights

under Title VII, the Americans with Disabilities Act, the Age Discrimination in Employment Act, and the Oklahoma Anti-Discrimination Act.

46. Defendants are business entities and employers with a facility located in Shawnee, Oklahoma.

47. Defendant is engaged in an industry affecting commerce and has more than fifteen employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year in the state of Oklahoma.

48. Defendant is a covered employer under Title VII, the ADA, the ADEA, and the Oklahoma Anti-discrimination Act, sexual harassment and defamation of character which, inter alia, prohibit a covered employer from discriminating against its employees based upon race, color, national origin, or disability, sexual harassment, defamation of character and retaliation.

49. I have complied with all statutory prerequisites to filing this action.

50. I filed a charge of discrimination with the Equal Employment Opportunity Commission based on race, color, national origin, age, sex harassment, disability discrimination, and retaliation.

51. The Equal Employment Opportunity Commission issued my right to sue letter on or around October 29, 2024, and I received such letter thereafter, exhausting all remedies with Zale Delaware Inc,.

52. This complaint is timely filed within 90 days of my receipt of the right to sue letter.

## FIRST CAUSE OF ACTION: DISCRIMINATION IN VIOLATION OF TITLE VII and the OKLAHOMA ANTI-DISCRIMINATION ACT

For my first and second causes of action, I incorporate and reallege all prior allegations as if fully set forth herein, and further allege:

53. As a male person of Asian descent born in Pakistan, I am a member of protected racial, color, gender, and national origin groups.

54. I am protected under Title VII and the OADA from employment discrimination based on gender, race, color, and national origin, and retaliation for opposing such discrimination.

55. I was an employee within the meaning of Title VII and the OADA.

56. Defendants are employers within the meaning of Title VII and the OADA and had more than fifteen employees at all relevant times.

57. Defendant Zale Delaware Inc., through their agents and employees, discriminated against me based on my race, color, and national origin, sexual harassment and gender and retaliated against me in violation of Title VII with respect to the terms, conditions, and privileges of employment.

58. The Defendant Zale Delaware Inc., conduct was intended to injure me.

59. Defendant Zale Delaware Inc., conduct is in violation of Title VII and the OADA was intentional, willful, malicious, or in reckless disregard of my rights thereunder.

60. I am entitled to all remedies and relief provided for a violation of Title VII and the OADA, including without limitation, back pay; reinstatement to my rightful place or appropriate front pay in lieu thereof; compensatory damages; punitive damages; reimbursement of costs and expenses; and an award of a reasonable attorney's fees.

## SECOND CAUSE OF ACTION: VIOLATION OF § 1981

For my second cause of action, I incorporate and reallege all prior allegations as if fully set forth herein, and further allege:

61.    As a person of Asian descent born in Pakistan, I am a member of protected racial and ethnic group.

62.    I am protected from employment discrimination by Defendant Zale Delaware Inc., based upon my race and color and from retaliation under 42 U.S.C. § 1981.

63.    Defendant Zale Delaware Inc., adverse actions, including but not limited to, my discharge, violate Section 1981.

64.    I am entitled to all remedies to which a prevailing plaintiff is entitled for an employer's violation of Section 1981.

## THIRD CAUSE OF ACTION: VIOLATION OF
## THE AMERICANS WITH DISABILITIES ACT

For my third cause of action, I incorporate and reallege all· prior allegations as if fully set forth herein, and further allege:

65.    As a person with speech impediment causing me to stutter in substantial limitation of the major life activity of talking, I am disabled within the meaning of the ADA.

66.    I was able to perform the essential functions of my job, with or without reasonable accommodation.

67.    Despite my satisfactory performance, Defendant by and through its agents and employees discriminated against me because of my known disability by allowing me to be harassed and wrongfully discharged.

68.    My disability was a motivating factor in Defendant's actions.

69.    Discrimination based on disability is contrary to and in violation of the Americans with Disabilities Act, as amended.

70.    As a result of Defendant's wrongful conduct, I have suffered and continue to suffer harm. I was laughed at and mocked (*Evidence produced by Plaintiff (Document 28 - Exhibit 3 – Witness Statement to the EEOC Investigator and a Picture)*.

71.    I am entitled to all relief afforded by the ADA, including back pay, front pay, compensation for emotional distress and mental anguish, attorney's fees, and costs.

72.    Further, because Defendant Zale Delaware Inc., actions were intentional, willful, with malice and/or reckless indifference to my rights, I am also entitled to an award of punitive damages to punish the Defendant Zale Delaware Inc., for its unlawful practices and to deter such unlawful practices in the future.

**FOURTH CAUSE OF ACTION: VIOLATION OF THE ADEA**

For my fourth cause of action, I incorporate and reallege all prior allegations as if fully set forth herein, and further allege:

73.    At all relevant times, I was in the protected age classification.

74.    Defendants were, and are, employers within the meaning of the ADEA.

75.    My age was a motivating factor in Defendant's failure to give me due consideration for promotion and its termination decision.

76.    Discrimination based on age is contrary to and in violation of the Age Discrimination in Employment Act in as much as the employment decisions were based, in whole or in part, on my age.

77.    As a result of Defendants' wrongful conduct, I have sustained damages.

78.    I am entitled to all relief afforded by the ADEA, including back pay, attorneys' fees and costs.

79.    Further, because Defendant's actions were intentional, willful, with malice and/or reckless indifference to my rights, I am also entitled to an award of liquidated damages.

## FIFTH CAUSE OF ACTION: WORKERS' COMPENSATION RETALIATION

For my fifth cause of action, I incorporate and reallege all prior allegations as if fully set forth herein, and further allege:

80.    Zale Delaware Inc., "Defendant" actions, as set forth herein, constitute retaliation in violation of the Oklahoma Workers' Compensation act, 85 O.S. § 341.

81.    I sustained a job-related injury for which I was entitled to assert a claim for benefits under the OWCA and to seek treatment.

82.    Zale Delaware Inc., "Defendant" had knowledge of my injury and engaged in conduct that hindered my ability to seek treatment by, among other things, denying me leave. Defendant retaliated against me for pursuing treatment for my work related injury by acts, including but not limited to, terminating my employment.

83.    As a direct and proximate result of the Defendant actions, I have suffered lost income, past and future, emotional distress, and other non-pecuniary losses.

84.    Zale Delaware Inc., "The Defendant" actions were willful, wanton, and/or conducted with reckless disregard of my rights, thereby entitling me to punitive damages. Harassment

## SIXTH CAUSE OF ACTION:  VIOLATION OF THE SEXUAL HRRASMENT ACT  TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND EEOC SECTION  703 OF THE TITLE VII.

For Plaintiff's Sixth cause of action, Plaintiff Edwin Bhatti incorporates and realleges all prior allegations as if fully set forth herein, and further alleges:

85.    Plaintiff is a married person with (3) Three Children. At all relevant times, till March 15th, 2023. Plaintiff was told all and every Intimacy in detail by the  Store Manager  Ms./Mrs. Kiley Charboneau/Sims between her and her husband,  along with sending provocative picture send by Store Manager's cell phone  to Plaintiff' Cell Phone (part of the evidence via email send to EEOC has been produced "Witness Statement and a provocative Picture to the Honorable Court, Honorable Judge, Defendant Counsel(s) / Defendant Zale Delaware Inc., on 05/21/2025, Exhibit 3". Plaintiff is and was in the protected sexual harassment classification within the meaning and scope of  SECTION 703 OF THE TITLE VII.

86.    Sexual Harassment Discrimination based on gender and sex, is contrary to and in violation of the Title VII of The Civil Rights Acts of 1964 and EEOC Section 703 of  the Title VII Act, as amended.

87.    Defendant Zale Delaware Inc., was, and is, an employer within the meaning of the protecting employee(s) from sexual harassment.

88.    Despite Plaintiff's satisfactory performance, Defendant Zale Delaware Inc., by and through its management Store Manager Kiley Charboneau / Sims  discriminated against  Plaintiff by allowing him to be sexually harassed by her and by wrongful allegation and unlawfully terminating Plaintiff without any write ups.

89.    As a result of Store Managers' false accusations and Defendant's wrongful

conduct, Plaintiff has sustained damages.

90.    Plaintiff is entitled to all relief afforded by the Sexual Harassment and false allegations Act on Plaintiff, back pay, attorneys' fees (as Pro-SE) and costs. An Ex-employee will Testify including another Witness(s) will testify.

## SEVENTH CAUSE OF ACTION: DEFAMATION OF CHARACTER.

## 28 U.S.C. CH 181 § 4101

For Plaintiff's Seventh cause of action, Plaintiff Edwin Bhatti incorporates and realleges: all prior allegations as if fully set forth herein, and further alleges:

91.    Plaintiff is a married person with (3) Three Children. At all relevant times, till March 15th, 2023 Plaintiff was accused of false accusations and allegations which falls in classification within the meaning and scope of 28 U.S.C. CH 181 § 4101.

92.    Despite Plaintiff's satisfactory performance, Defendant Zale Delaware Inc., by and through its management Store Manager Ms./Mrs. Kiley Charboneau / Sims falsely accused and put allegations without merit and speeded Slander throughout the company Zales along with employees friends. Defendant Zale Delaware Inc., VP Mr. Z White with New Area District Manager Mr. Sam Butler condemned and dishonored Plaintiff and played a Big Part/Roll in it without looking into false Slander, allegations terminated Plaintiff. All (3) Unlawfully Terminated the Plaintiff without any probable cause due to lies of Store Manager Ms./Mrs. Kiley Charboneau / Sims and her friends at the Zale Store at the mall in Shawnee Oklahoma. Which caused Damage to Reputation, Emotional Distress. Plaintiff was never written up for any Slander and all accusations. Store Manager admitted to EEOC Investigator that they all called Plaintiff "Osama Bin Laden". (mocked (*Evidence produced by Plaintiff*

*(Document 28 - Exhibit 3 – Witness Statement to the EEOC Investigator)*

Neither Zales nor Store Manager could Provide a single write up to State of Oklahoma and neither to EEOC Investigator. terminating Plaintiff without any write ups. As a result of Defendant Zale Delaware Inc., Vice President Mr. Z White, Area District Manager Sam Butler, Mr. Roy Speer and the Store Manager Ms./Mrs. Kiley Charboneau / Sims false accusations and Defendant Zale Delaware Inc., wrongful conduct, Plaintiff has sustained damages.

93.  Plaintiff is entitled to all relief afforded by the Defamation of Character within the meaning and scope of 28 U.S.C. CH 181 § 4101 and false allegations Act on Plaintiff, back pay, attorneys' fees (as Pro-SE) and costs.

## PLAINTIFF'S AFFIRMATIVE DEFENSE AGAINST DEFENDANT ZALE DELAWARE INC., ON ALL ALLEGATIONS AGAINST PLAINTIFF.

### I.    Plaintiff's Affirmative Defense on Defendant Zale Delaware Inc All Allegations.

### INTRODUCTION:

Plaintiff further alleges in his Defense against the Defendant Zale Delaware Inc., allegations and accusations and its cause of action for Plaintiff's Defense:

**(a)** Defendant Zale Delaware Inc., failed to provide Date, Time, Month and Year to meritless allegation and accusation that when, whom and how did the Plaintiff made inappropriate sexist and racist comments AND Intoxicated at work. Defendant Zale Delaware Inc., should be able to produce video in there Defense as there are voice recorded video cameras which are recording 24/7/365 day and night all over the store. Moreover, Defendant failed to

Terminate Plaintiff right and then. Matter of Fact Defendant failed to write up Plaintiff. Furthermore, Defendant Zale Delaware Inc., Failed to send Plaintiff for Blood Test and Terminate the Plaintiff as Defendant Zale Delaware Inc., claims that Plaintiff was Intoxicated.

(b) Defendant Zale Delaware Inc., failed to provide Date, Time Month and Year to meritless allegation and accusation that when, whom and how did the Plaintiff pushed a co-worker. Defendant Zale Delaware Inc., failed to terminate Plaintiff right and then at the spot and file Assault and Battery Charges. Moreover, Defendant Zale Inc., Failed to write up Plaintiff. Defendant Zale Delaware Inc., should be able to produce video in there Defense as there are voice recorded video cameras all over the store which  recording 24/7/365 day and night.

(c) Defendant Zale Delaware Inc., failed to provide Date, Time Month and Year to meritless allegation and accusation that when and how did the Plaintiff pushed a co-worker. Defendant Zale Delaware Inc., failed to terminate Plaintiff right and then at the spot and file Assault and Battery Charges. Moreover, Defendant Zale Inc., Failed to write up Plaintiff. Defendant Zale Delaware Inc., should be able to produce video in there Defense as there are voice recorded video cameras all over the store.

d. Defendant Zale Delaware Inc., and it Counsel(s) Failed or Forgot or may be Defendant Zale Delaware Inc., Counsel(s) need to go back to school for a Refresher Course(s) that Federal Court takes Jurisdiction over State and City Courts. As for finger pointing at the Federal Court "the Federal Court lacks

subject matter Jurisdiction", thus Title VII is a Federal Claim. Therefore, Federal Court Does Not lacks Subject Matter for any of the Federal Claims. Discrimination based on race, color, national origin, age, disability and gender, sexual harassment, defamation of character and retaliation all in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e et seq., the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101 et seq., the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq., 42 U.S.C. § 1981, the Oklahoma Anti-Discrimination Act, and the Oklahoma Workers' Compensation Act, 85 O.S. § 341. Jurisdiction over the federal claims is vested under 28 U.S.C. § 1331 and 1343, and 29 U.S.C § 626. Because the state law claims arise out of the same core facts and form part of the Same case or controversy, jurisdiction over those claims is vested under 28 U.S.C. § 1367(a). Sexual Harassment Act Title VII of the Civil Rights Act of 1964 and EEOC Section 703 of the Title and Defamation of Character 28 U.S.C. CH 181 § 4101.

II:    **DEFENDANT ZALE DELAWARE INC., FALSIFYING AND MAKING STRAYING STATEMENT:**

e. Defendant Zale Delaware Inc., and its Counsel(s) made false and straying statement to the Honorable Court and to the Honorable Judge, for its baseless, meritless Defense.

*First*, Defendant Zale Delaware Inc., and its Three (3) hired Counsel(s) are not even aware of, and don't even know the last official work day of Mr. Glen Courtney.

*Second,* Defendant Zale Delaware Inc., and its Counsel(s) in there on own words stated the incident was reported in the end of 2022. But Failed to State the claim which Day, Month and Time. Defendant Zale Delaware Inc., and it Counsel(s) own Defense did not mention any alleged facts that supports their Defense of "End of 2022, Date, Month time". Defendant Zale Delaware Inc., reported to the Oklahoma Unemployment Security Commission's Official Question on Official Document "What was the Date of the FINAL INCIDENT", Defendant Zales Delaware Inc., stated "11/09/22", and per the Official Work Schedule of Zale Store 1492 at Shawnee Mall, Plaintiff was officially off. Defendant and the Counsel(s)  failed to keep their Defense Straight but trying to Stray the Honorable Court. With two (2) different statements.

*Fourth,* Defendant Zale Delaware Inc, and its Counsel(s) will state "ALL THE ALLEGATIONS WERE REPORTED ON 11/09/22. Whereas, Defendant has already admitted "FINAL DATE OF THE INCIDENT OCCURRED ON 11/09/2022 to the OESC" with Ms./Mrs. Kiley Charboneau has the first-hand knowledge needed to provide the account of the separation issues and would be needed if the most accurate outcome is to be attained, but the Defendant Zale Delaware Inc., first-hand witness failed to appear to the Unemployment Appeal Tribunal Unemployment Hearing. (Exhibit 1). As for as Mr. Glen Courtney, he was not employed by the Defendant Zale Delaware Inc., since 09/10/22.

## CONCLUSION

For the foregoing reasons:

(1) Defendant Zale Delaware Inc., and its Counsel(s) failed and did not properly provide Honorable Court, Date, Month or any Evidence of Plaintiff's being at fault, beside easy end-run without Defense. Defendant Zale Delaware Inc., and its Counsel(s) failed to provide factual facts, but Zale Delaware, Inc. and its Counsel(s) asserts no factual inadequacy in their defense and seeks dismissal "with prejudice".

(2) Defendant Zale Delaware Inc., and its Counsel(s) failed and did not properly provide any Evidence / Facts that there was never a mocking, Plaintiff never was being called names "Osama Bin Laden, Buddha, Camel Jockey, Sand Nigger, give him sale and he will be wagging is tail, no one ever made a statement if more of your kind were here". Defendant Zale Delaware Inc., and its Counsel(s) failed to provide factual facts, but Zale Delaware, Inc. and its Counsel(s) asserts no factual inadequacy in their defense and seeks dismissal "with prejudice".

(3) Defendant Zale Delaware Inc., and its Counsel(s) failed and did not properly provide any Evidence of write-ups for all the allegations alleged by the Defendant Zale Delaware Inc., and its agent(s) / employee(s). Defendant Zale Delaware Inc., and its Counsel(s) failed to provide factual facts, but Zale Delaware, Inc. and its Counsel(s) asserts no factual inadequacy in their defense, and seeks dismissal "with prejudice".

(4) Defendant Zale Delaware Inc., and its Counsel(s) failed and did not properly provide any Evidence that Plaintiff was never sexually Harassed. Defendant Zale Delaware Inc., and its Counsel(s) failed to provide factual facts, but Zale Delaware, Inc. and its Counsel(s)

asserts no factual inadequacy in their defense and seeks dismissal "with prejudice", for Sexual Harassment.

(5) Defendant Zale Delaware Inc., and its Counsel(s) failed and did not properly provide any Evidence that Plaintiff's Character was never Defamed. Defamation of Character under Federal Law and Federal Jurisdiction 28 U.S.C. CH 181 § 4101, which states if anyone knowingly making harmful and untrue statement about an Individual, is called Defamation of Character.

(a) Defendant Zale Delaware Inc., its agents and employee's made SLANDER and LIBEL false statements about the Plaintiff and stated that their SLANDERS were true against Plaintiff, to the Management of Zale Delaware Inc., Mr. Z. White, Ms. Teresa Carmicheal, Mr. Jason Lima, New Area District Manager Mr. Sam Butler and to the Zale Investigator.

(b) Then Second Time Defendant Zale Delaware Inc., its agents and employee's made SLANDER and LIBEL false statements about the Plaintiff and stated that their SLANDERS and LIBEL were true against Plaintiff, to a Third Party "Corporate Cost Control". Then again, Second Time Defendant Zale Delaware Inc., its agents and employee's made SLANDER and LIBEL false statements about the Plaintiff and stated that their SLANDERS and LIBEL were true against Plaintiff, to a Third Party "Corporate Cost Control".

(c) Then Third Time Defendant Zale Delaware Inc., its agents and employee's made SLANDER and LIBEL false statements about the Plaintiff and stated that their SLANDERS and LIBEL were true against Plaintiff, to a Third Party "Individual" not even employed by Zale Delaware Inc., on the Day of October 31st, 2022 @1717 a text message was send to an Individual not even employed by Zale Delaware Inc., by Ms./Mrs. Kiley

Charboneau / Sims and the text message stated "unfortunately had a conversation, with the plaintiff, write Plaintiff up because of this behavior. But He is doing better since then". Plaintiff will love to and anxiously looking forward to read that write-up as Plaintiff never read that write-up or signed any write-up.

(d) Then Fourth Time Defendant Zale Delaware Inc., its agents and employee's made SLANDER and LIBEL false statements about the Plaintiff and stated that their SLANDERS and LIBEL were true against Plaintiff, to Mr. Jeffery League, Director, Assistant General Counsel of Signet in Akron Ohio.

(e). Then Fifth Time Defendant Zale Delaware Inc., its agents and employee's made SLANDER and LIBEL false statements about the Plaintiff and stated that their SLANDERS and LIBEL were true against Plaintiff, to EEOC Investigator and EEOC Mediator.

(f) Then Sixth Time Defendant Zale Delaware Inc., its agents and employee's made SLANDER and LIBEL false statements about the Plaintiff and stated that their SLANDERS and LIBEL were true against Plaintiff, to Honorable Respectful Court.

Plaintiff believes Defendant Zale Delaware Inc., has allowed SIX (6) Times Slander and Libel against Plaintiff and that should be enough. Defendant Zale Delaware Inc., and its Counsel(s) failed to provide factual facts, but Zale Delaware, Inc. and its Counsel(s) asserts no factual inadequacy in their defense and seeks dismissal "with prejudice" for Defamation of Character.

(5) All the allegations, accusation in Defendants Doc 8, 18, and 25 should be Denied by the Respectful Honorable Judge Mr. Jones and the Respectful Honorable Court. As Defendant Zale Delaware Inc., and its Counsel(s) failed and did not properly provide

any Evidence for all the allegations alleged by the Defendant Zale Delaware Inc., and its agent(s) / employee(s). Defendant Zale Delaware Inc., and its Counsel(s) failed to provide factual facts, but Zale Delaware Inc. and its Counsel(s) asserts no factual inadequacy in their defense and seeks dismissal "with prejudice".

(5) Plaintiff humbly requests Respectful Honorable Judge and Respectful Honorable Court that Defendant Zale Delaware Inc, Motion to Dismiss should, therefore, be dismissed in its entirety. As Defendant Zale Delaware Inc., and its Counsel(s) failed to provide factual facts, but Zale Delaware, Inc. and its Counsel(s) asserts no factual inadequacy in their defense and seeks dismissal "with prejudice".

## JURY TRIAL REQUESTED

94.     I am entitled to a jury trial as to each and every cause of action or claim asserted herein, and I hereby request a jury trial.

## PRAYER FOR RELIEF

95.     I pray for judgment in my favor against the Defendants as follows:

   a.  Payment of back wages, benefits, and compensation;

   b.  All compensatory and consequential damages, including but not limited to, umiliation, loss of dignity, loss of enjoyment of life, stress, worry, and damage to reputation;

   c.  Punitive or exemplary damages;

   d.  Declaratory and injunctive relief as appropriate;

   e.  Reinstatement into the job position I would now hold, absent discriminatory treatment by Defendants, or future pay in lieu thereof;

f.  Attorney's fees, costs and such other and further relief as the Court deems
reasonable and proper.

## DECLARATION

97.    I, Edwin Bhatti, declare that the facts set forth in the above and foregoing Complaint
are true and correct to the best of my knowledge.

RESPECTFULLY SUBMITTED this 11th day of June 2025.

EDWIN S. BHATTI
43315 Prairie Ranch Road
Shawnee, OK 74804
Telephone: 405-481-9778 Email:
edwinbhatti@yahoo.com
PLAINTIFF

JURY TRIAL HUMBLY REQUESTED

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th, day of JUNE 2025, a true and accurate copy of
the foregoing Plaintiff's Amended Complaint is filed personally and delivered to the U.S.
District Court for the Western District of Oklahoma.

I further certify that a true and accurate copy of the foregoing was served on
Defendant's Counsel(s) Ms. Jessica L. Dark, Mr. Michael J. Shoenfelt and Mr. Matthew F.
Schmitz by email at the following e-mail addresses: jdark@piercecouch.com,
mjshoenfelt@vorys.com, mfschmitz@vorys.com

Edwin S. Bhatti (Pro-Se).

31