UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDWIN BHATTI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-25-122-J |
| | ) |
| ZALE DELAWARE, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Currently pending is Defendant Zale Delaware, Inc.'s motion to dismiss. (Def.'s Mot.) [Doc. No. 34]. Plaintiff responded (Pl.'s Resp.) [Doc. No. 35], Defendant replied [Doc. No. 36], and Plaintiff filed a sur-reply [Doc. No. 37].[1] After careful consideration, Defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART.

**I.   Background**

Plaintiff, appearing pro se, filed an original Complaint on January 27, 2025, naming as defendants: (1) Signet Jewelers, d/b/a Zales Jewelers and (2) Zales Jewelers, Inc. a/k/a Zales Jewelers #1492 a/k/a Zales Corporation a/k/a Zale-Shawnee. [Doc. No. 1 at 1].[2] Although "not named in the Complaint," Defendant joined "Signet Jewelers Ltd." and "Zale Corporation" in seeking dismissal. [Doc. No. 8 at 10 & n. 2] (explaining "Zale Delaware, Inc., not named in the Complaint, employed Plaintiff").

On review, the Court noted that the parties' references to "Zales" cumulatively was problematic. Plaintiff was therefore ordered to file an Amended Complaint to clearly establish

---

[1] Plaintiff did not seek permission to file a sur-reply; nevertheless, in an abundance of caution, the Court has considered the document.

[2] All page citations refer to this Court's CM/ECF pagination.

what entity he was suing and why. [Doc. No. 29]. Plaintiff complied, naming only Defendant. (Amend. Compl.) [Doc. No. 31].

According to Plaintiff, he began employment with the Zales store in Shawnee, Oklahoma, in November 2019 and was terminated in March 2023. During that time, he was allegedly harassed and retaliated against, and suffered discrimination based on race, color, national origin, age, disability and gender. He brings claims pursuant to (Claim One) Title VII of the Civil Rights Act (Title VII) and the Oklahoma Anti-Discrimination Act (OADA), (Claim Two) 42 U.S.C. § 1981, (Claim Three) the American with Disabilities Act (ADA), (Claim Four) the Age Discrimination in Employment Act (ADEA), (Claim Five) the Oklahoma Worker's Compensation Act (OWCA), (Claim Six) the Sexual Harassment Act under Title VII, and (Claim Seven) Defamation of Character under 28 U.S.C. § 4101. *Id.* at 6-23.

## II.     Standard for Review

Defendant seeks dismissal under Fed. R. Civ. P. 12(b)(1), (5) and (6).

Defendant's Rule 12(b)(1) defense is facial,[3] and the Court applies "a standard patterned on Rule 12(b)(6) and assume[s] the truthfulness of the facts alleged." *Utah Native Plant Soc'y v. United States Forest Serv.*, 923 F.3d 860, 865 (10th Cir. 2019).

Rule 12(b)(5) authorizes a court to dismiss a complaint for insufficient service of process. On this defense, Plaintiff bears the burden of proving that service was properly made. *See Mastriano v. Gregory*, No. CIV-24-567-F, 2025 WL 392731, at *4 (W.D. Okla. Feb. 4, 2025).

---

[3] A facial attack challenges the complaint's sufficiency rather than the facts alleged within. *See Paper, Allied-Indus., Chem. And Energy Workers Int'l Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005). Conversely, a factual attack goes beyond the allegations in a complaint and challenges the facts upon which subject matter jurisdiction depends. *See id.*

Under Rule 12(b)(6), the Court considers whether the factual allegations in the Amended Complaint, taken as true, "state a claim to relief that is plausible on its face." *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1195 (10th Cir. 2018) (cleaned up). For this review, the Court must construe the allegations in the light most favorable to Plaintiff. *See Buckley Constr., Inc. v. Shawnee Civil and Cultural Dev. Auth.*, 933 F.2d 853, 855 (10th Cir. 1991).

### III.    Analysis

Defendant seeks dismissal on grounds that (1) this Court lacks jurisdiction over Plaintiff's OWCA claim, (2) Plaintiff's discrimination, harassment, retaliation, and defamation allegations are conclusory, (3) Plaintiff failed to exhaust his sexual harassment claim, (4) no retaliation claim exists under the OADA, and (5) Plaintiff failed to timely serve Defendant. *See* Def.'s Mot. at 11-28.

#### A.    Alleged Lack of Subject Matter Jurisdiction over Plaintiff's OWCA Claim (Plaintiff's Claim Five)

In Claim Five, Plaintiff alleges retaliation under the OWCA. Specifically, he claims he sustained a work-related injury and Defendant retaliated against him for pursuing treatment. *See* Amend. Compl. at 20. Defendant moves to dismiss alleging a lack of subject matter jurisdiction. *See* Def.'s Mot. at 12. The Court agrees with Defendant.

It is unclear from the Amended Complaint whether Plaintiff filed a workers' compensation claim or, if instead, he simply believed he would have been entitled to file such a claim absent the retaliation. Regardless, Oklahoma's Workers' Compensation Commission has exclusive jurisdiction to hear and decide such claims. *See Upchurch v. Wastequip, LLC*, No. CIV-20-066-RAW, 2021 WL 4847188, at *4 (E.D. Okla. Oct. 18, 2021) ("Plaintiff's claim with regard to retaliatory discharge under the Workers' Compensation laws of the State of Oklahoma must fail, as this claim is under the exclusive jurisdiction of the Oklahoma Workers' Compensation

3

Commission."), *aff'd*, No. 21-7055, 2022 WL 4099433 (10th Cir. Sept. 8, 2022).  As such, Defendant's motion to dismiss Claim Five is GRANTED and it is DISMISSED without prejudice.

      **B.**      **Alleged Conclusory Allegations (Plaintiff's Claims One, Two, Three, Four, Six, and Seven)**

Addressing the necessary elements for Plaintiff's claims alleged under Title VII, the OADA, 42 U.S.C. § 1981, the ADA, the ADEA, and defamation, Defendant argues that Plaintiff's factual allegations fail to state any valid claim for relief.  *See* Def.'s Mot. at 13-17, 19-26.

The Court agrees that Plaintiff's allegations are not as fully developed as one would expect from an attorney.  However, Plaintiff appears pro se, and while the Court will not act as his advocate, if it "can reasonably read the pleadings to state a valid claim on which the [P]laintiff could prevail, [it] should do so despite the [P]laintiff's failure to cite proper legal authority, his confusion of various legal theories[,] or his unfamiliarity with pleading requirements."  *Greer v. Moon*, 83 F.4th 1283, 1292 (10th Cir. 2023), *cert. denied*, 144 S. Ct. 2521 (2024) (cleaned up).  With that, the Court finds that Plaintiff has sufficiently put Defendant on notice for each claim and has nudged his claims "across the line from conceivable to plausible."  *Id.* (same).  Accordingly, Defendant's motion to dismiss on this basis is DENIED.

      **C.**      **Alleged Failure to Exhaust his Sexual Harassment Claim (Plaintiff's Claim Six)**

Defendant also seeks dismissal on grounds that Plaintiff failed to exhaust his Title VII sexual harassment claim because he only alleged "harassment" in his EEOC charge.  Def.'s Mot. at 18.  But as Defendant notes, a plaintiff may pursue a claim in court so long as the "the conduct alleged in the lawsuit would fall within the scope of an EEOC investigation which would reasonably grow out of the charges actually made in the EEOC charge."  *Smith v. Cheyenne Ret. Invs. L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018) (cleaned up).

In response to Defendant's motion, Plaintiff offers an attachment to this original EEOC charge. That attachment, although difficult to read, includes Plaintiff's complaints that his employer engaged him in a sexually explicit conversation. *See* Pl.'s Resp., Ex. 1 at 2. Assuming that document was attached to the EEOC charge, the Court employs a "lenient" standard and finds that any investigation into "harassment" would have reasonably included this conduct. *Mitchell v. City & Cnty. of Denver*, 112 F. App'x 662, 667 (10th Cir. 2004) (noting the court's "lenient pleading standard contemplates the fact that administrative charges of unlawful employment practices are regularly filled out by employees who do not have the benefit of counsel"). Defendant's motion to dismiss is DENIED on this ground.

### D. Alleged Lack of OADA Retaliation Relief (Plaintiff's Claim One)

Citing the OADA, Plaintiff seeks compensation on grounds that Defendant discriminated against him and then retaliated against him for opposing that discrimination. *See* Amend. Compl. at 17. But Defendant is correct that "the OADA does not provide any remedy to compensate an employee who suffers retaliation at the hands of an employer." *Theron v. Canadian Cnty. ex rel. Bd. of Cnty. Commissioners*, No. CIV-23-1176-G, 2024 WL 4332796, at *6 (W.D. Okla. Sept. 26, 2024) (cleaned up); *see also Edwards v. Andrews*, 382 P.3d 1045, 1047 (Okla. 2016) (noting that "the Oklahoma Legislature has prohibited retaliation [under the OADA] but has not supplied any monetary remedy for an employee."). Thus, Defendant's motion to dismiss Plaintiff's OADA retaliation claim, included in Claim One, is GRANTED and that claim is DISMISSED with prejudice.

### E. Alleged Insufficient Service

Finally, the Court addresses Defendant's motion to dismiss for untimely service. On due consideration, the motion to dismiss is DENIED on this ground.

As noted, Plaintiff initially filed suit on January 27, 2025, naming (1) Signet Jewelers, d/b/a Zales Jewelers and (2) Zales Jewelers, Inc. a/k/a Zales Jewelers #1492 a/k/a Zales Corporation a/k/a Zale-Shawnee as defendants.  Plaintiff did not name Defendant.  *See supra* at 1; *see also* [Doc. No. 1 at 1].  Service on the original defendants was due no later than April 27, 2025.  *See* Fed. R. Civ. P. 4(m).  The Court ordered Plaintiff to amend, and he did so on June 11, 2025, naming Defendant as the sole entity.  *See* Amend. Compl. at 5.  Defendant was served on June 12, 2025. [Doc. No. 33].

Defendant seeks dismissal arguing that Plaintiff only corrected a misnomer with the Amended Complaint and thus the deadline for service was April 27, 2025.  *See* Def.'s Mot. at 27-28.  But the Court finds that Plaintiff did more than simply correct a defendant's name; instead, he added an entirely new entity.  As such, the Amended Complaint restarted Plaintiff's ninety-day service deadline.  *See Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006) (noting that an amended complaint does not restart a service deadline "except as to those defendants newly added in the amended complaint").

Moreover, even if the Court believed that Plaintiff had simply corrected Defendant's name, it would find good cause to extend the service deadline.  *See* Fed. R. Civ. P. 4(m).  That is, Plaintiff attempted to name the proper entity, and diligently moved to serve that entity, when he filed his original Complaint.  And once the Court ordered Plaintiff to amend, he did so promptly and immediately named and served Defendant.  Finally, Defendant has not articulated any prejudice from the allegedly late service.  *See Jacobs v. Clark*, No. CIV 23-1060 JB/KK, 2025 WL 949358, at *5 (D.N.M. Mar. 28, 2025) (finding good cause to extend plaintiff's service deadline, in part because plaintiff was proceeding pro se and defendant did not articulate any prejudice).

For both reasons, the Court DENIES Defendant's motion to dismiss based on untimely service.

## IV.   Conclusion

Based on the foregoing, the Court GRANTS Defendant's motion to dismiss Plaintiff's retaliation claim, based on the OADA, and DISMISSES that claim (included in Claim One) with prejudice.  Defendant's motion to dismiss Plaintiff's Claim Five, alleging retaliation under the OWCA, is also GRANTED and that claim is DISMISSED without prejudice.  For all remaining arguments, Defendant's motion to dismiss is DENIED.

The Court will provide further instructions at the appropriate time.  *See* [Doc. No. 27].

IT IS SO ORDERED this 18th day of August, 2025.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE